CRANFORD COMPANY, INC., Plaintiff, *v.* L. LEOPOLD & Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, April 1, 1947.

*Emil V. Pilz* for plaintiff.

*Joseph Feldman* for Modern Industrial Bank, defendant.

*Charles E. Murphy, Corporation Counsel (Arthur Pashcow* of counsel), for City of New York, defendant.

*Dannenberg & Hazen* for Joseph Danneberg, defendant.

*John F. X. McGohey, United States Attorney (Nathan Skolnik* of counsel), for United States of America, defendant.

SHIENTAG, J. This is an action brought by Cranford Company, Inc. (Cranford), for determination by the court of the order of priority of the various liens and claims existing against certain funds due to defendant L. Leopold & Co., Inc. (Leopold), from the City of New York under three specific public improvement contracts.

Prior to May 29, 1944, Leopold made three contracts with the City of New York for the flagging of certain specific areas in Brooklyn. Cranford delivered to Leopold ready-mixed concrete and other necessary materials for the job, and claims it has not been paid for the materials. On November 21, 1944, Cranford filed a notice of lien for the amount due under each contract.

Leopold, by three separate instruments of assignment, assigned to Modern Industrial Bank all moneys due or to become due from the City of New York under the flagging contracts above mentioned. These instruments of assignment were duly filed on July 31, 1944. Advances were made from time to time by Modern Industrial Bank, upon the security of the assignments, under the three contracts.

On November 2, 1944, the Collector of Internal Revenue for the Third District, New York, received in his office an assessment list from the Commissioner of Internal Revenue containing an assessment against Leopold for $367.26 for the second

quarter of 1944. Demand for payment was made on the tax-payer Leopold November 14, 1944. Not until July 16, 1945, however, did the Collector of Internal Revenue serve upon the Treasurer-Comptroller of the City of New York a notice of levy in the sum of $3,606.82, for various items of taxes assessed against Leopold. This sum includes the assessment of $367.26 above mentioned. Final notice and demand for payment were served on the City of New York November 5, 1946.

The question to be determined is whether the lien of the United States, which arose on November 2, 1944, is superior to and shall prevail over the later mechanic's lien filed November 21, 1944.

Tax liens are based upon sections 3670 and 3671 of the Internal Revenue Code (U. S. Code, tit. 26, §§ 3670, 3671). Section 3670 provides that if any person liable to pay a tax refuses to pay it after demand, the amount, with its interest and penalties and costs shall be a lien in favor of the United States " * * * upon all property and rights to property, whether real or personal, belonging to such person." Section 3671 provides that " * * * the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

Section 3672 of the same Code (U. S. Code, tit. 26, § 3672) provides, in relation to the lien: " § 3672. *Validity against mortgagees, pledgees, purchasers, and judgment creditors.* (a) Invalidity of Lien Without Notice.— Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector — (1) Under state or territorial laws.— In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory * * * * ,"

It is conceded that the notice of the Government's tax lien was not recorded in any of the places set forth in section 3672.

The Government contends that the failure to file notice of lien is of no advantage to Cranford, because Cranford, as a mechanic's lienor, does not come within the category of either a mortgagee, pledgee, purchaser or judgment creditor. It is argued that Cranford must show that it comes within the four classes enumerated.

Prior to the passage of section 3672, the Government's lien for taxes was valid, even against the rights of a purchaser of real estate in good faith who purchased without notice of the Government's existing unrecorded tax lien (*United States* v. *Snyder,* 149 U. S. 210; *MacKenzie* v. *United States,* 109 F. 2d 540).

In the *MacKenzie* case (*supra,* p. 542), it was stated: " By the 1913 amendment it [Congress] intended to extend protection, *not to all third parties* but to the three classes of third parties designated therein * * *. We conclude that in order to be protected, the claimant must show that he is within one of those three classes.'' (Underscoring and brackets supplied.)

In the recent case of *Matter of Capital Foundry Corporation* (64 F. Supp. 885) in a bankruptcy proceeding, it was held that the liens of the United States for taxes arose on the dates when the assessment lists were received in the collector's office and though unfiled were superior to the lien of a mechanic's lienor which was filed later. The holding is definite that a mechanic's lienor does not fall within the category of mortgagee, pledgee, purchaser, or judgment creditor.

However, the Court of Appeals in *Kane Co.* v. *Kinney* (174 N. Y. 69, 73) declared: " The object and purpose of the Mechanics' Lien Law was to protect a person who, with the consent of the owner of real property, enhanced its value by furnishing materials or performing labor in its improvement by giving him an interest therein to the extent of the value of such material or labor. The filing of the notice of lien is the statutory method prescribed by which the party entitled thereto perfects his inchoate right to that interest. That is the manner and mode of procedure in which the right is asserted. A certain time is allowed in which the lien may be asserted or lost. During that time there is a preferential statutory right in the nature of an unperfected equitable lien in favor of the laborer, mechanic, materialman or sub-contractor. And when a notice of lien is filed that right is perfected.''

As is well known, the New York Lien Law provides that moneys paid for a public improvement are a trust fund for the payment of the proper expenses of constructing the building. It was held in *Anderson* v. *Hayes Const. Co.* (243 N. Y. 140) that the statutory lien attaches to the debt and that lienors to the extent of their interests are statutory assignees. This interpretation was followed by the Circuit Court of Appeals in the Second Circuit in *Matter of Weston* (68 F. 2d 913). The court said (p. 916): " Here the mechanic's lien is asserted

against a fund to be paid by the State for a public improvement. There is no specific res but the lienor becomes by virtue of the statute the assignee of the debt to contractor to the extent of his claim." Similarly it may well be said that the lienor is a *cestui* of the trust fund.

To the argument of the Government that since section 3672 does not mention assignees, the liens asserted by the Government are to be preferred against the mechanics' liens from the time the assessment lists were received by the collector, one may with advantage cite the decision in *Grossman* v. *City of New York* (188 Misc. 256). There the court said (p. 259): "* * * but as all indications are that plaintiffs gave value for the assignment to them and there is no evidence to the contrary, they must be deemed to be purchasers and hence within section 3672; and as no notice of any of the liens here asserted by the United States was filed prior to the assignment to plaintiffs, I hold that none of such liens is superior to plaintiffs' rights."

Accordingly, while the decision in *Matter of Capital Foundry Corporation* (64 F. Supp. 885, *supra*) is entitled to great respect, I hold that plaintiff Cranford is in the position of an assignee by operation of the statute; that assignees in such a situation are to be treated as purchasers under the statutory exceptions; and that they are protected unless and until the lien of the United States Government is recorded. Settle judgment in accordance with the foregoing and in accordance with stipulation entered into between plaintiff and defendant Modern Industrial Bank.