62 So.2d 589 (1953)
UNITED STATES
v.
GRIFFIN-MOORE LUMBER CO., Inc.
Supreme Court of Florida, en Banc.
January 13, 1953.
Herbert S. Phillips, Tampa, and J. Hardin Peterson, Jr., Lakeland, for appellant.
R.B. Huffaker, Bartow, for appellee.
TERRELL, Acting Chief Justice.
October 16, 1950, A.C. Thompson and his wife Alma Thompson executed a promissory note to Lake Wales State Bank. The note was secured by a mortgage describing certain lands in Polk County. It was duly recorded and on November 8, 1951, it was assigned to Griffin-Moore Lumber Company, Inc., who will hereinafter be referred to as the plaintiff. The plaintiff commenced furnishing the Thompsons material for construction of a building on the premises described in the mortgage and on August 23, 1951, recorded a claim of lien in the sum of $2,250.06 to cover amount due on materials furnished and delivered to the property.
The United States of America filed and duly recorded three notices of tax liens against A.C. Thompson as follows: (1) October 23, 1951, notice of lien for withholding taxes and Federal Insurance Contributions Act taxes for the period ending March 31, 1951, in the amount of $513.84; (2) October 26, 1951, lien for withholding taxes, Federal Insurance Contribution Act taxes and Federal Unemployment tax act taxes for the period ending June 30, 1951, and the year 1950, respectively, in the sum of $1,780.08; (3) November 16, 1951, lien for withholding taxes and Federal Insurance Contributions Act taxes in the sum of $267.77, for the period ending September 23, 1951.
November 17, 1951, the plaintiff filed its complaint to foreclose the mortgage and the mechanic's lien described in the forepart of this opinion. March 1, 1951, the United States of America filed its answer to the complaint challenging the priority of the mechanic's lien over the tax liens of the United States heretofore described. On final hearing the chancellor found that plaintiff's mechanic's lien was a valid and subsisting lien upon the mortgaged property and that it was prior to and superior to the tax liens of the United States of America. Sale of the property to satisfy the mortgage and lien was confirmed and this appeal was prosecuted from the final decree.
The sole point for determination is whether or not the tax liens of the United States are prior in right to the mechanic's lien of the plaintiff.
It is admitted that the mortgage is prior to the tax liens. It is shown that the tax *590 liens accrued subsequent to the mechanic's lien and that they were recorded prior to time suit was brought to enforce the mechanic's lien but subsequent to the date the claim for mechanic's lien was recorded. The applicable Florida Statutes are Sections 84.16, 84.21 and 84.23, F.S.A. These statutes provide the means by which mechanic's liens may attach, the procedure for foreclosing them, and the conditions for their discharge. The applicable Federal Statutes are Sections 3670 and 3672, Title 26, United States Code. The latter statute in terms makes the Government lien for taxes inferior to the interests of mortgagees, pledgees, purchasers, judgment creditors and others. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.
There is no question about the priority, notice recordation, or other factors essential to the validity or bona fides of the materialman's lien. The Federal statute, Section 3672, does not attempt to give the tax liens priority over the materialman's lien. Chapter 84, F.S.A. gives the laborer and the materialman the right to a lien from the day the first material is furnished and makes it prior to other claims. It is enforced against the property rather than the property owner. Any interest accruing to the property by reason of furnishing labor or material is held with notice of the labor or materialman's lien. Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710; Springer Land Ass'n v. Ford, 168 U.S. 513, 18 S.Ct. 170, 42 L.Ed. 562.
This court has repeatedly held that the labor and materialman's lien law should be liberally construed to protect the laborer and the materialman. Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648. The reason for this holding is that the labor and material results in the unjust enrichment of the land owner if the laborer or the materialman is not given priority in the enforcement of his lien claim. If this were not the case, any other claimant could come in and get the advantage of the value that the labor or materials adds to the land. Another reason for this rule is even more imperative. Furnishing labor and material not only results in unjust enrichment of the lands but it is the very source of the laborer and materialman's bread and butter. This of itself was reason enough why the Federal Statute did not give the Federal tax lien priority over the laborer or materialman's lien. No Legislative body in this country would deign to enact a law to separate the laboring man from his bread. Man's necessity for bread preceded his necessity for law. It is the staff of his life, the basis of his health, his culture, his religion, and every impulse, good or bad, that colors his thinking. To contend that a tax claim of any character can deprive him of it is contrary to nature and all human experience; it is contrary to equity and would contravene every natural impulse. The state may trim corners and get along on less taxes but the working man can't cut corners and get along without bread.
In re Taylorcraft Aviation Corporation. 6 Cir., 168 F.2d 808, the Court was confronted with a case and statute similar to ours and reached a similar conclusion for reasons not materially different. In re Capital Foundry Corporation, D.C., 64 F. Supp. 885, was different in that under the statute involved the lien did not attach until after filing notice of lien. We also call attention to Cranford Co., Inc. v. L. Leopold, 189 Misc. 388, 70 N.Y.S.2d 183 and Republic v. Hedstrom, 346 Ill. 555, 105 N.E.2d 782. In the Cranford Co. case the parties were different but the conclusion reached was not materially different from that reached in this case. In the Republic v. Hedstrom case the conclusion reached was different but the Court was confronted with a mortgage foreclosure in which the Federal Government lien for taxes was prior in time to mechanics lien. The Court held that under the circumstances the government lien took priority of the mechanics lien, pointing out the variance of authority on the point.
We have searched diligently and have found no law or decision to the contrary and appellant has cited none. Any other interpretation of the mechanic's lien statute would leave the laborer in a most precarious condition and would deprive him of that which the law has provided to safeguard *591 his economy. Western culture has always recognized the right to eat, to worship, to commerce in thought, to criticize the things we hate as well as the things we love; the law and common sense recognize this and have consistently refused to mess with these freedoms. For these and other good and sufficient reasons it is our view that the decree of the lower court should be and is hereby affirmed.
It is so ordered.
THOMAS, SEBRING, ROBERTS and MATHEWS, JJ., concur.
DREW, J., concurs in judgment.