UNITED STATES
v.
PREFERRED CONTRACTORS,
Inc. et al.

Civ.A. No. 9112.
United States District Court
E. D. New York.
April 19, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for the United States; Gerard M. Carey, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Conforti, Seward, Lane & Kourides, New York City, for defendant Standard Tinsmith & Roofer Supply Corp.

Samuel F. Berkon, New York City, for defendant Kings County Iron Works, Inc.

ABRUZZO, District Judge.

The plaintiff instituted this action to enforce tax liens totaling $9,509.17 for

withholding and employment taxes against the defendant, Preferred Contractors, Inc. (hereinafter called Preferred). The defendants, Standard Tinsmith & Roofing Supply Co., Inc. (designated in this action as Standard Tinsmith & Roofer Supply Corporation and hereinafter called Standard) and Kings County Iron Works, Inc. (hereinafter called Kings) were also named parties defendant because Standard had in its possession the sum of $1,107.09 which the plaintiff alleged belonged to Preferred and because Kings claimed $1,000 of this fund.

The facts in this case are practically conceded. On May 29, 1946, the defendant Standard, the owner of certain real property in the Borough of Manhattan, City of New York, and County of New York, entered into an agreement with Preferred as general contractor for the renovation of the property at a cost of $40,000. Preferred engaged the services of Kings as subcontractor to do certain iron and steel work and to furnish the necessary materials at an agreed price of $6,000. Kings performed its work and received a total payment of $5,000. All of the work required to be performed under the contract was completed by May 21, 1947.

Plaintiff filed notices of its tax liens on April 23, 1947, May 23, 1947, and August 20, 1947, in the Kings County Office of the Register of the City of New York and in the Office of the Clerk of this Court. Notices of levy were mailed to Standard on June 18 and 26, and on July 15, 1947. On August 27, 1947, Kings filed a mechanic's lien in New York County for its unpaid balance of $1,000.

Standard retained the moneys due under the contract because of the demands of both the plaintiff and Kings, and at the trial was directed to deposit the money with the Clerk of this Court, together with interest at the rate of 2 per cent. Counsel for Standard has apprised the Court that he has deposited with the Clerk of this Court a certified check in the sum of $1,231.59. Both plaintiff and Kings claim they have a superior right to the money deposited with the Clerk by Standard, each contending that its lien is prior in time to the lien of the other.

The liens of the taxes arose with the filing of the assessment list with the Collector (Director) of Internal Revenue, 26 U.S.C.A. § 3671. Section 3672(a) (1) of Title 26 U.S.C.A., provides:

"§ 3672. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) *Invalidity of lien without notice.* Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) *Under State or Territorial laws.* In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or * * *."

If Kings falls into one of the four classifications specified in the foregoing section, its mechanic's lien is prior in right to the lien for taxes. In United States v. Rosebush, D.C.E.D.Wis., 45 F. Supp. 664, at page 667, it was held:

"Since the word 'purchaser' is not defined by the statute, this court must turn to the State law in determining its meaning. Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311; MacKenzie v. United States, 9 Cir., 109 F.2d 540. * * *"

In Cranford Co. v. L. Leopold & Co., 189 Misc. 388, 70 N.Y.S.2d 183, affirmed by the Appellate Division of the Supreme Court of the State of New York, 273 App. Div. 754, 75 N.Y.S.2d 512, and affirmed by the Court of Appeals of the State of New York, 298 N.Y. 676, 82 N.E.2d 580, the plaintiff had instituted an action seeking determination of the order of various liens and claims existing against certain funds due defendant Leopold

from the City of New York under three specific public improvement contracts for the flagging of certain areas in the Borough of Brooklyn. On November 2, 1944, the Collector of Internal Revenue for the Third District of New York received an assessment list against Leopold. It was conceded that the notice of the Government's tax lien was not recorded in any of the places set forth in Section 3672 of Title 26 U.S.C.A. The plaintiff who had delivered to Leopold ready-mixed concrete and other necessary materials for the job, claiming that it had not been paid for the materials, filed a mechanic's lien on November 21, 1944, for the amount due under each contract. The question presented for determination to the Supreme Court of the State of New York was whether the lien of the United States which arose on November 2, 1944, was superior to and prevailed over the plaintiff's later mechanic's lien filed on November 21, 1944. Judge Shientag ruled in favor of the plaintiff, holding that the plaintiff was a "purchaser" under the statutory exceptions of Section 3672. He further ruled that moneys paid for a public improvement are a trust fund for the payment of the proper expenses of constructing a building under the provisions of Sections 25–a and 25–b of the New York Lien Law, McK.Consol.Laws, c. 33, and that it had been held in Anderson v. John L. Hayes Const. Co., 243 N.Y. 140, 153 N.E. 28, that the statutory lien attaches to the debt, and that lienors to the extent of their interests are statutory assignees. He cited In re Weston, 68 F.2d 913, 916, 98 A.L.R. 319, in which the Circuit Court of Appeals for the Second Circuit followed this fundamental rule laid down in the Anderson case, supra.

■ Not only are moneys paid for a public improvement a trust fund for the payment of proper expenses, but moneys paid for the improvement of private property are also trust funds under the provisions of Section 13(7) of the New York State Lien Law.

The lien of Kings was filed pursuant to Section 240, as follows:

"§ 240. *Notices of filing liens and certificates of release or discharge*

"1. Notices of liens upon real property for taxes payable to the United States of America and certificates releasing or discharging such liens shall be filed in the office of *the clerk of the county* in which real property subject to any such lien is situated, except that if real property subject to any such lien is situated in the county of Kings, the county of Queens, the county of New York or the county of Bronx they shall be filed in the office of the city *register of the city of New York in such county*. If such property be situated in two or more counties, such notice or certificate shall be filed in the office of the clerk or the city register, as the case may be, in each of such counties." (Italics supplied.)

This section was recommended by a New York State Law Revision Commission. A note of the Commission reads as follows:

" 'Its purpose is to take advantage of the permissive provisions in sections 3670 et seq. of the Internal Revenue Code (26 U.S.C.A. § 3670 et seq.), thereby compelling the filing of notices of federal tax liens in designated public offices in the state and thus facilitating the ascertainment to federal tax liens.' "

■ The purpose of Section 240 was to apprise the public in general of existing federal liens against property. Had this tax lien been filed in New York County it would have complied with the statute and it would have been notice to the world that this tax lien existed. The provisions of the State Lien Law must be rigidly complied with. Because the plaintiff failed to file its lien in New York County and Kings did file its mechanic's lien, the Kings lien is superior.

■ The plaintiff has raised another contention. Under Section 241 which reads as follows, it urges that it could

not have effectively filed its tax lien in New York County.

"§ 241. *Files, indexes, and entries*

"\* \* \* The entry shall show the name and residence of the taxpayer named in the notice, the collector's serial number of the notice, the date, hour and minute of filing and the amount of tax and penalty imposed. \* \* \*"

I see no merit to this particular point.

Section 3672(a)(2) provides that the tax lien could have been filed in the United States District Court for the judicial district in which the property subject to the lien was situated.

Submit findings of fact, conclusions of law, together with a decree granting judgment in favor of the defendant, Kings County Iron Works, Inc., to the money deposited with the Clerk of this Court by the defendant, Standard Tinsmith & Roofing Supply Co., Inc., for the amount of its lien, together with interest, and in favor of the plaintiff for the amount of its lien against the defendant, Preferred Contractors, Inc., because of its failure to appear or answer the complaint.