Fuld, J.
This appeal, here by our permission, involves the relative priority between a mechanic’s lien and a federal tax lien.
Fleetwood Paving Corporation owes the United States Government a sum of money representing unpaid withholding and social security taxes. In December, 1951 and March, 1952, the local collector received assessment lists including assessments against the taxpayer. Some short time later, Fleetwood, as general contractor, entered into an agreement with one Ada *514 Bottone to remodel a restaurant which she owned in the Town of Eastchester. Thereafter, in August and September of that same year, 1952, Fleetwood arranged for Home Maintenance Company and Colonial Sand and Stone Company to furnish labor and materials for the remodeling job.
On October 31, 1952, the United States filed a lien against Fleetwood for its unpaid taxes (amounting on that date, with penalties and interest, to over $5,000) in the office of the clerk of the City of Mt. Vernon, where Fleetwood maintained its place of business. Some days later, having been paid only a part of what was due them, Home Maintenance and Colonial Sand filed mechanic’s liens in the county clerk’s office against the Bottone property for the balance owing, the former for $1,400, the latter for $896.25. In January, 1953, Colonial Sand obtained a judgment for $2,109.43 for materials sold on a number of Fleetwood jobs.
In June, 1953, separate suits were started by Home Maintenance and Colonial Sand to foreclose their respective liens and Bottone deposited $2,200, the amount still owing by her to Fleetwood, with the county clerk to the credit of both actions. On Bottone’s motion, the government, which had levied against her indebtedness to Fleetwood, was interpleaded and substituted as defendant in her place.
Each of the three parties, the two plaintiffs and the government, moved for summary judgment under rule 113 of the Rules of Civil Practice. The court at Special Term granted plaintiffs’ motions on the ground that the government’s tax lien was ineffective since it had not been filed in the county clerk’s office, the place designated by statute for the recording of liens against real property. Although the Appellate Division affirmed the judgment, it disagreed with Special Term’s rationale. It was the Appellate Division’s view that no debt was due from Bottone to Fleetwood to which the government’s lien could attach: the fund deposited by Bottone was a substitute for her real property and, since the United States had no lien against such property, it had no lien ‘ ‘ upon the funds deposited in substitution therefor,”
We cannot agree. On the basis of the controlling federal statute (Internal Revenue Code of 1939, U. S. Code, tit. 26, §§ 3670, 3672), as well as the federal decisions construing it, the government tax lien attached to the debt owing to Fleetwood and that lien is entitled to priority.
*515 The Internal Revenue Code of 1939 provided, as does the present code, a lien of exceedingly broad scope in favor of the United States for unpaid taxes. The amount of the tax was to be “ a lien * * * upon all property and rights to property” belonging to the taxpayer and the lien “ shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied” (§§ 3670-3671). However, the statute went on to declare, “ Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector [in] the office * * * authorized by the law of the State * * * in which the property subject to the lien is situated ” (§ 3672, subd. [a], par. [1]). By this state’s law, the place provided for filing differs depending on whether the lien is asserted against real or personal property. In the case of a lien upon real property, the notice is to be filed in “ the office of the clerk of the county in which real property subject to such lien is situated ” (Lien Law, § 240, subd. 1), in the case of a lien upon personal property, ‘ ‘ in the town or city where the owner * * * resides at the time the lien arises ” (§ 240, subd. 2).
The ‘ ‘ relative priority of the lien of the United States for unpaid taxes is,” the Supreme Court has said, “ always a federal question to be determined finally by the federal courts.” (United States v. Acri, 348 U. S. 211, 213; United States v. Security Tr. & Sav. Bk., 340 U. S. 47, 49; Illinois v. Campbell, 329 U. S. 362, 371; United States v. Waddill Co., 323 U. S. 353, 356-357.) Turning, therefore, to the federal decisions, we find the rule firmly established that, once a government tax lien is properly filed, no subsequently recorded lien or claim may prevail against it. (See United States v. Colotta, 350 U. S. 808, revg. 224 Miss. 33; United States v. Acri, supra, 348 U. S. 211, 214; United States v. Liverpool & London Ins. Co., 348 U. S. 215, 217; United States v. Scovil, 348 U. S. 218, 220; United States v. New Britain, 347 U. S. 81, 84-87; United States v. Gilbert Associates, 345 U. S. 361, 365; United States v. Security Tr. & Sav. Bk., supra, 340 U. S. 47, 50-51; United States v. Kings County Iron Works, 224 F. 2d 232, 234—235, 237.)
In the case before us, the government concededly filed notice of its lien, in the office of the clerk of the city where the tax *516 payer resided, before the plaintiffs filed their notices and, since such notice of lien is indisputably effective against all personal property and rights thereto belonging to the taxpayer (Lien Law, § 240, subd. 2), decision herein depends solely on whether the indebtedness due to Fleetwood from Bottone constituted property of Fleetwood.
The lien filed by the government in October, 1952, before any mechanic’s lien had been recorded, was manifestly not asserted against Bottone’s real property or any realty possibly owned by the taxpayer. It was asserted against the contractual obligation of Bottone to Fleetwood, against Bottone’s indebtedness to the latter, and, quite obviously, within the statutory terms, personal “ property and rights to [such] property” belonging to the taxpayer (U. S. Code, tit. 26, § 3670; see United States v. Kings County Iron Works, supra, 224 F. 2d 232, 234-235, 237; cf. Fidelity & Deposit Co. v. New York City Housing Auth., 241 F. 2d 142, 144-145). Since the government did all that the applicable law demanded when it recorded its notice in the city clerk’s office (Lien Law, § 240, subd. 2), its tax lien is superior to any other lien subsequently filed.
It is, by now, exceedingly well settled that no state-created rule may defeat the paramount right of the United States to levy and collect taxes uniformly throughout the land. (See United States v. Vorreiter, 355 U. S. 15, revg. 134 Col. 543; United States v. White Bear Brewing Co., 350 U. S. 1010, revg. 227 F. 2d 359; United States v. Colotta, supra, 350 U. S. 808, revg. 224 Miss. 33; United States v. Scovil, supra, 348 U. S. 218, 220-221; United States v. New Britain, supra, 347 U. S. 81, 84-87; United States v. Kings County Iron Works, supra, 224 F. 2d 232, 237.) That being so, it follows that the provision in this state’s Lien Law, to which respondents point — that funds received by a contractor from the owner for the improvement of real property shall be deemed “trust funds” for the payment of subcontractors (§ 36-a; § 13, subd. [7])—may not be construed to affect the rights of the government or the priority of its tax lien.[1]
*517 The Kings County Iron Works case (supra, 224 F. 2d 232), also involving the question of priority between the government’s tax lien and a mechanic’s lien in New York, is virtually indistinguishable from the present case. There, as here, a contractor, entitled to be paid by the owner of the real property which had been improved, owed money both to the United States for unpaid taxes and to his subcontractor for work performed. There, just as here, the subcontractor filed notice of its mechanic’s lien against the property about a week after the government had filed notice of its tax lien at the place where the taxpayer-contractor maintained its place of business. There, too, the property owner paid the amount in question into court for judicial determination of priority between the government and the mechanic’s lienor. The district court awarded the latter priority on much the same grounds as did the trial court herein (122 F. Supp. 219, sub nom. United States v. Preferred Contrs.), but, on appeal, the Court of Appeals for the Second Circuit reversed. It held that the debt owing to the taxpayer was subject to federal levy and was subordinate to the federal tax lien for either of two reasons; on the one hand, because the government filed notice of its lien first and, on the other, because mechanic’s lienors, not being within the class of persons protected by subdivision (a) of section 3672 of the Internal Revenue Code, are in no event entitled to challenge a federal tax lien.
Likewise, in the case before us, the government tax lien must be accorded priority for it too was recorded before either Home Maintenance or Colonial' Sand filed notices of their respective liens and before Colonial Sand obtained its judgment. Moreover, since Home Maintenance never did become a judgment creditor, recent Supreme Court decisions impel us to add that its lien would have been subordinate to the federal tax lien even if it had been earlier recorded. (See United States v. Vorreiter, supra, 355 U. S. 15; United States v. White Bear Brewing Co., supra, 350 U. S. 1010, revg. 227 F. 2d 359; see, also, United States v. Kings County Iron Works, supra, 224 F. 2d 232, 237.)
The judgment of the Appellate Division should be reversed, and the motion of the United States for summary judgment in each action should be granted.
*518 Chief Judge Conway and Judges Desmond, Dye, Froessel and Burke concur with Judge Fuld; Judge Van Voorhis dissents and votes to affirm.
Judgment reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. To the extent that Cranford Co. v. Leopold & Co. (189 Misc. 388, 391-392, affd. 273 App. Div. 754, affd. 298 N. Y. 676) suggests the contrary, it must give way to more recent federal decisions. (See United States v. Scovil, supra, 348 U. S. 218, 221; United States v. Kings County Iron Works, supra, 224 F. 2d 232, 235 et seq.; and other cases cited above.)