**Carolyn STADELMAN, as executrix, etc., and another, Plaintiffs,**

v.

**HORNELL WOODWORKING CORPORATION, United States of America, et al., Defendants.**

**Civ. No. 7851.**

United States District Court
W. D. New York.

Oct. 24, 1958.

---

7. 1942, 48 Cal.App.2d 848, 120 P.2d 690.

8. 1945, 26 Cal.2d 472, 159 P.2d 643, 162 A.L.R. 606.

C. Orcutt Brown, Hornell, N. Y., for plaintiffs.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for the United States, John P. MacArthur, Asst. U. S. Atty., Buffalo, N. Y., of counsel.

BURKE, Chief Judge.

This is a mortgage foreclosure action. The plaintiffs have moved to confirm the report of the referee to compute the amount due the plaintiffs on the mortgage and for judgment of foreclosure and sale. The proposed judgment provides that only so much of the mortgaged property be sold as will cover the expenses of sale and the amount which the referee computed to be due the plaintiffs herein as holders of the mortgage. It also provided that the real estate should be sold subject to unpaid state and local taxes, and that all defendants, except the holders of state and local tax liens, should be barred from all claims with regard to said mortgaged property. The United States has objected to the form of the judgment.

The United States had interposed an answer, setting up as a defense that the United States has eleven tax liens outstanding against the premises sought to be foreclosed, and that on information and belief, subsequent to the filing of the tax liens of the United States certain county and city taxes, assessments and water rates were not paid, and as a result became liens and are subordinate to the tax liens of the United States. Its prayer for relief asked that the complaint be dismissed, or in the alternative, that the plaintiffs be allowed to proceed with foreclosure and sale providing the judgment of foreclosure and sale expressly requires the referee to pay out of the proceeds thereof the tax liens of the United States prior to the city and county tax liens. There has been no determination of the validity or priority in time of filing of any of the tax liens. The proposed judgment would, none-theless, give priority in payment to the city and county tax liens.

The plaintiffs, in support of the proposed judgment, assert that the liens of the United States, even though filed prior to local tax liens, are not entitled to priority in payment over local tax liens subsequently filed, because such local tax liens are considered as expenses of sale under Section 1087 of the New York Civil Practice Act. That section provides, "Where a judgment rendered in an action to foreclose a mortgage upon real property directs a sale of the property, the officer making the sale must pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments and water rates which are liens upon the property sold * * *. The sums necessary to make those payments and redemptions are deemed expenses of the sale within the meaning of that expression as used in any provision of this article." Section 1082 of the Civil Practice Act provides that "In an action to foreclose a mortgage upon real property, if the plaintiff becomes entitled to final judgment, it must direct the sale of the property mort-

**158**

gaged or of such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action * * *."

The obvious effect of the quoted provisions of the New York Civil Practice Act is to give priority in payment to state and municipal tax liens over federal tax liens which are prior in time of filing. The New York Court of Appeals in Aquilino v. United States, 3 N.Y.2d 511, 515, 169 N.Y.S.2d 9, 13, 146 N.E.2d 774 (a case not dealing with Sections 1082 and 1087 of the Civil Practice Act) said "The 'relative priority of the lien of the United States for unpaid taxes is,' the Supreme Court has said, 'always a federal question to be determined finally by the federal courts.' (citations) Turning, therefore, to the federal decisions, we find the rule firmly established that, once a government tax lien is properly filed, no subsequently recorded lien or claim may prevail against it.", citing among other cases United States v. City of New Britain, 347 U.S. 81, 84–87, 74 S.Ct. 367, 98 L.Ed. 520; and further, at page 516, "It is, by now, exceedingly well settled that no state-created rule may defeat the paramount right of the United States to levy and collect taxes uniformly throughout the land. (citations)."

▮ The federal tax liens were created by Section 3670 of the Internal Revenue Code of 1939, 26 U.S.C. § 3670. Notice of the liens upon the mortgaged property were filed in the county clerk's office pursuant to Section 240, Subdv. 1 of the New York Lien Law. New York state cannot impair the standing of federal liens without the consent of Congress. As to any funds in excess of the amount necessary to pay the mortgage, Congress intended to assert a federal lien. The rule of "first in time, first in right" applies. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L. Ed. 520. The proposed judgment would deny that rule.

The motion for judgment as proposed by the plaintiffs is denied. So ordered.