OTT, Judge.
For the reasons hereinafter stated, we conclude the trial court erroneously dismissed appellant’s suit to enforce a claim of lien. The court also erred in dissolving appellant’s claim of lien and lis pendens.
The following facts are taken from appellant’s amended complaint. The decedent contracted to build a single-family dwelling for appellee. The decedent commenced construction but died before the dwelling was completed. Appellant, decedent’s surviving spouse, completed the house with the assistance of subcontractors. Appellee *323 refused to pay $39,514.28 still due under the contract. Appellant filed a claim of lien, and a contractor’s affidavit was served on appellee. Both were executed by “Judith Hiers as agent for Donald B. Hiers, general contractor.” The claim of lien was filed within ninety days of the last work performed by appellant and two hundred twelve days after the decedent’s death.
Decedent’s brother was initially appointed personal representative of the estate. Appellant became successor personal representative some six months after she filed the claim of lien.
Thereafter, in her capacity as personal representative of the decedent’s estate, appellant filed a three-count complaint against appellee. Count one sought to enforce the claim of lien, count two was for breach of the construction contract for failure to pay $39,514.28 due and owing under the contract, and count three was for reasonable value of labor, services, and material furnished in the amount of $39,514.28. There is no allegation that the suit was not timely filed. See § 713.22(1), Fla.Stat. (1983).
Appellee moved to dismiss the complaint on the grounds that the claim of lien was not filed within ninety days of the last work performed by decedent, that appellant had not been appointed personal representative of decedent’s estate when the claim of lien was filed, that appellant had no rights under the contract, and that count three failed to state a cause of action. The trial court ultimately dismissed the entire complaint with prejudice, ruling that the estate had no claim in the case. However, the court allowed appellant, in her individual capacity and not as personal representative, to maintain counts two and three of the complaint. He apparently reasoned that the estate had no standing to sue since appellant was not personal representative at the time she filed the initial claim of lien or contractor’s affidavit. He seems to further have reasoned that an implied contract arose between appellant, individually, and appellee. However, the court permanently dissolved the claim of lien which appellant sought to enforce in count one of the complaint and the lis pen-dens filed in conjunction with count one.
Initially, we find nothing to prohibit appellant from suing in her capacity as personal representative for the benefit of the decedent’s estate. The contract was in the name of decedent and performed by him or on his behalf. By filing suit in her representative capacity, appellant is simply admitting that all work was performed and all money earned by or on behalf of the decedent was intended to benefit the estate. His estate is the real party in interest. The trial court obviously found that counts two and three stated a cause of action for breach of contract or in quantum meruit, albeit the order substituted the appellant individually as the one to maintain-the action. We hold that the trial court erred in not allowing appellant as personal representative to continue as plaintiff in counts two and three.
We also hold that the trial Court erred in dissolving the claim of lien and lis pendens. The Mechanics’ Lien Law defines “lienor” to include successors in interest. § 713.01(10), Fla.Stat. (1983). Appellant’s complaint alleges that she undertook completion of the contract as decedent’s successor in interest. For purposes of a motion to dismiss, this allegation must be accepted as true. Kg., Fearick v. Smugglers Cove, Inc., 379 So.2d 400 (Fla. 2d DCA 1980). We see no reason why successor in interest does not extend to any person appropriately standing in the shoes of and continuing performance for the decedent. Furthermore, the complaint implies that appellant undertook completion of the contract with the knowledge or acquiescence of appellee, or at least without objection. This must also be accepted as true at this juncture in the case.
Section 713.08(5), Florida Statutes (1983), provides that a claim of lien may be recorded at any time while the work is in progress but not later than ninety days after the final furnishing of the labor, services, or materials by the lienor. Nothing *324 in this statute required appellant to file her claim of lien within ninety days of decedent’s death, and it does not provide that the claim of lien can be filed only by a personal representative of a deceased contractor. The complaint alleges that the work continued to progress after decedent’s death, and that appellant saw that the final labor, services, and materials were furnished to complete the contract. The complaint further alleges that she filed the claim of lien within ninety days of completion of the project, in full compliance with section 713.08(5).
For the reasons stated above with reference to counts two and three, appellant as personal representative can sue to enforce the claim of lien.
We think that the result reached by the trial court in dissolving the claim of lien is contrary to the public policy of this state relating to mechanics’ liens. As stated in United States v. Griffin-Moore Lumber Co., 62 So.2d 589, 590 (Fla.1953):
This court-has repeatedly held that the labor and materialman’s lien law should be liberally construed to protect the laborer and the materialman. Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648. The reason for this holding is that the labor and material results in unjust enrichment of the land owner if the laborer or the materialman is not given priority in the enforcement of his lien claim. If this were not the case, any other claimant could come in and get the advantage of the value that the labor or materials adds to the land. Another reason for this rule is even more imperative. Furnishing labor and material not only results in unjust enrichment of the lands but it is the very source of the laborer and materialman’s bread and butter.
REVERSED and REMANDED for further proceedings.
GRIMES, A.C.J., and SANDERLIN, JAMES B., Associate Judge, concur.