JANE C. MACK, as Administratrix, etc., Appellant, *v.* JOHN COLLERAN, Impleaded, etc., Respondent.

M., plaintiff's intestate, sold to A., a sub-contractor, materials used in the erection of certain buildings in the city of New York. The original contract contained a provision giving the owner the power, in case the contractor failed to supply a sufficiency of materials or workmen, to provide them himself and deduct the expense from the contract price. After A. had earned $19,000, and had so far performed, that $5,000 would finish the work, C., the original contractor, took the contract and, under the power so reserved, completed the work. In an action to foreclose a mechanics' lien filed under the act of 1885 (Chap. 342, Laws of 1885), *held,* that the lien attached to the balance due A. after deducting the cost of completion.

Before any liens were filed against the property, A. paid to M. $500; of this sum M. applied $386 upon a prior debt due from A. to him. There was money enough earned by A. to satisfy M.'s lien and all other liens. *Held,* that M. had the right to so apply the payment.

(Submitted October 14, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York,

which reversed a judgment in favor of plaintiff entered upon an order of the General Term of the City Court of New York, which affirmed a judgment of said court and granted a new trial.

This was an action for the foreclosure of a mechanics' lien upon premises in the city of New York.

The following is the opinion in full:

"On the 12th day of December, 1889, the defendant Colleran agreed in writing with defendant Constantine V. King to erect for him upon his lots in the city of New York, two buildings for the aggregate price of $38,000, to be paid to him by King in certain installments as stipulated in the agreement. Among the stipulations in the agreement was the one usual in such agreements, that if the contractor should at any time refuse or neglect to supply a sufficiency of materials or workmen, the owner should have the power to provide materials and workmen to finish the buildings, the expense to be deducted from the contract price. Subsequently Colleran sub-contracted the erection and completion of the buildings to the defendant Andrews, and he entered upon the execution of his contract. He procured of Mack certain materials used upon the buildings, for which he became liable to pay him twelve hundred and seventeen dollars. Upon this sum Andrews paid him $114, and the defendant Colleran paid him $500, and there remained a balance due him of $603. For this balance he filed a lien upon the buildings under the lien law applicable to the city of New York, and this action, commenced in the City Court of New York, is to enforce that lien. Colleran, having given his bond under the law in lieu of the lien, is the only party defending the action. At the trial term judgment was given for the plaintiff. That judgment was affirmed upon defendant's appeal to the General Term of that court. He then appealed to the General Term of the New York Common Pleas, where the judgment was reversed and a new trial granted. The plaintiff then appealed to this court.

"As the order appealed from does not state that the judgment was reversed upon the facts, we must here assume that it was reversed for errors of law only, and questions of law only can be considered here. (Code, § 1338.)

" The defendant assails the judgment upon several grounds: (1) He says that the plaintiff did not perform his contract with Andrews. As to this the trial judge found against him upon sufficient evidence. (2) He claims that Andrews did not perform his contract with the defendant. But, as the trial judge found upon sufficient evidence, after Andrews had so far performed his contract that $5,000 would carry it to completion, and he had actually earned $19,000 more than he had been paid, the defendant took the contract from him and undertook, under the power reserved therein, to perform the same, and did perform the same so that a large sum of money became due to Andrews. As to the performance of the contract and the money due to Andrews, the findings of the trial judge upon sufficient evidence are against the contention of the defendant, and the plaintiff's lien attached to the money which thus became due to Andrews. ( *Van Clief* v. *Van Vechten*, 130. N. Y. 571.)

" (3) The final contention of the defendant is that Andrews paid Mack while he was engaged in furnishing the materials $500, and that all but $114 of that sum was applied upon a prior debt due from Andrews to him. His claim is that the money paid to Andrews upon his contract could not be devoted by him to the payment of his debt to Mack which had no relation whatever to his contract. The court below sustained this claim, and upon this ground, as appears from its opinion, reversed the judgment. As we have said, we must presume that the judgment was reversed for error of law, and hence we must be able to see in the record that as to this claim there was a question of law before that court. But we look in vain for any such question in the record. There are no findings of fact or of law, and no requests for findings and no exceptions which present it, and without findings or requests to find, or exceptions, the question of law is not before an appellate court for consideration.

" But if we assume that the question of law is properly presented we are entirely clear that the court below fell into error in reference thereto. At the time of the payment of the $500, by Andrews to Mack there were no liens filed against the property and he had a perfect right to apply any

part of that sum to the payment of the prior debt. When the money came into his hands it belonged to him absolutely and he could do with it what he pleased, and Mack violated the rights or equities of no one in receiving it to apply upon his antecedent debt. It is well settled that material men and workmen have no lien upon or equity in money due or paid under a building contract until they have filed their liens pursuant to the lien law. It would lead to great embarrassment, uncertainty and inconvenience if a person receiving money from a builder would have to ascertain whether he obtained it under a building contract before he could safely take it for property sold or apply it upon an antecedent debt justly due. The authorities in this court are against the defendant's contention. (*Payne* v. *Wilson,* 74 N. Y. 348; *McCorkle* v. *Herrman,* 117 id. 297; *Stevens* v. *Ogden,* 130 id. 182.)

. "Besides, in this case the evidence and the findings of the trial judge show that there was money enough earned by Andrews which became payable to him under his contract to satisfy Mack's lien as well as all the other liens against the property. At least it does not appear that the defendant or any one else was harmed by the application of the money upon the prior debt of Mack, and that no one's equities were thereby violated.

"We, therefore, conclude that the order appealed from should be reversed and the judgment of the City Court affirmed with costs in this court and the court below."

*Philips & Avery* for appellant.

*William F. Randel* for respondent.

EARL, Ch. J., reads for reversal.
All concur.
Order reversed, and judgment of City Court affirmed.