JOHN C. ORR and Others, Appellants, v. CHARLES NAGLE and Others, Respondents.

*Application of payments — what is a failure of a debtor to direct.*

While it is the right of the debtor, in making a payment, to direct its application, if he fails to do this the creditor may apply the payment as he pleases.

Certain lumber merchants had a running account with a contractor who was engaged in building a house for one Willert, from whom the contractor received money on account of Willert's indebtedness to him, and thereafter, while making a payment upon his own account to the lumber merchants, the contractor stating that it was the money of Willert, said : "And I give it to you on account."

*Held,* that such a statement did not constitute a direction by the contractor as to the manner of applying the payment; and that the lumber merchants might properly credit it upon another and older debt existing in their favor against the contractor.

APPEAL by the plaintiffs, John C. Orr and others, from a judgment of the County Court of Queens county in their favor, entered in the office of the clerk of the county of Queens and dated October 20, 1894, upon the decision of the court rendered after a trial before the court without a jury, in so far as it fixed the plaintiff's recovery at $375.28, with interest and costs, instead of $725.28, with interest and costs.

*Alfred B. Cruikshank* and *Charles L. Pashley,* for the appellants.

*A. T. Payne,* for the respondent Muller.

*S. B. & D. Noble,* for the respondent Willert.

*Matthew Marx,* for the respondent Marx.

*Arthur M. Sanders,* for the respondent Sherwood.

DYKMAN, J. :

This action is brought for the foreclosure of a mechanic's lien.

The defendants Nagle & Sons were contractors for the building of a house for the defendant Willert.

The plaintiffs furnished materials to the contractors for the construction of the building, amounting in value to the sum of $725.28, and charged the same to Nagle & Sons in the general account which

they had against them for lumber furnished for this house and for other buildings.

The plaintiffs filed a mechanic's lien against the land and building of Willert for $725.28, the full amount of their claim, and the defendant Muller filed a second lien upon the same premises for $441. The amount due from the owner to the contractors was $1,031.36.

The cause was tried before the county judge of Queens county, and he found that the plaintiffs had furnished materials to the amount of $725.28 in value, but that $350 had been paid on account thereof.

The plaintiffs have appealed from the judgment entered upon that decision.

The case turns here, as it did below, upon the application of payments. While the plaintiffs were delivering the material for the building in question to Nagle & Sons the latter paid them $100 at one time and $250 at another, and the plaintiffs credited and applied those payments to another and older account which they had against Nagle & Sons. The defendant Muller now claims that the sum so credited upon the old account should have been applied to the account for the material used in the building of Willert, and the county judge so found and decided.

There is no proof that Nagle gave any direction for the application of the payments to any particular account. On the contrary, there is proof that no such direction was given.

The payments were made to Biela, an agent of the plaintiffs, and he testified positively that no such direction was received.

The defendant Claus Nagle was called as a witness for the defendant, and said this, among other things : " Q. Did you tell Mr. Biela that you got this money from Willert? A. Yes. Q. That this was to be applied on the Willert job? A. No, not that exactly ; but I told him that that was money of Mr. Willert, 'and I give it to you on account.' "

Neither Nagle nor Willert raise any objection to the application made by the plaintiffs of the payment of the $350, but the county judge seems to have assumed and decided that it was the right of Muller, as a subsequent lienor, to have the payment applied to the payment of the material furnished for the building of Willert

because the money came from him. The theory is faulty and erroneous.

The money was paid by Willert to Nagle on account of his indebtedness, and when it was delivered to the latter it became his absolute property, and the former ceased to have any interest or equity in it or any right of control over it.

Nagle was under no obligation to appropriate the money in any particular manner. Although he obtained it from Willert for the purpose of paying it to Biela, yet he was not obliged to pay it to him. He had the power and the right to appropriate it as he pleased.

It was his right when he paid the money to Biela to direct its application to the payment of the account for materials furnished for the Willert building, but he did not do so. He told Biela he gave it to him on account, but he did not specify any particular account upon which he so paid it. That left the plaintiffs at liberty and conferred upon them the right to apply the payment at once to either one of their accounts or claims against Nagle. They accordingly applied it at the time to an account that they had against Nagle which was older than that for the material for the Willert building. (*Sheppard* v. *Steele*, 43 N. Y. 60; *Mack* v. *Colleran*, 136 id. 617.)

There being no dispute about the facts we can do justice to all the parties without reversing the judgment. The judgment should be modified by awarding to the plaintiffs the full amount of their claim, $725.28, with interest from December 2, 1893, with the costs of this court to be paid from the fund.

BROWN, P. J., concurred; CULLEN, J., concurred, but thought a new trial should be ordered.

Judgment modified so as to award to the plaintiffs the full amount of their claim, $725.28, with interest from December 2, 1893, with costs of this court to be paid from the fund.