## TISDALE LUMBER CO. v. READ REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department.    December 13, 1912.)

1. MECHANICS' LIENS (§ 202*)—ASSIGNMENT—"SUCCESSOR IN INTEREST."

The right to file a mechanic's lien is a personal right, limited to the person performing the labor or furnishing the material, and is not assignable; a "successor in interest," within Lien Law (Consol. Laws 1909,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 33) § 2, being one who succeeds to a lienor's rights under a valid no-tice of lien already filed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 375; Dec. Dig. § 202.*

For other definitions, see Words and Phrases, vol. 7, p. 6749.]

2. MECHANICS' LIENS (§ 128*)—CREATION—NOTICE.

A mechanic's lien has no existence, inchoate or otherwise, until notice is filed, and until then no priority is recognized.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 177; Dec. Dig. § 128.*]

Appeal from Special Term, Queens County.

Action by the Tisdale Lumber Company against the Read Realty Company and another. Judgment for plaintiff, and the Read Realty Company appeals. Reversed.

Argued before HIRSCHBERG, BURR, CARR, WOODWARD, and RICH, JJ.

Frank M. Avery, of New York City (Edgar J. Phillips and Earl A. Darr, both of New York City, on the brief), for appellant.

Easton S. Bacon, of New York City (Clinton B. Smith, of Flushing, on the brief), for respondents.

RICH, J. This action was brought to foreclose a mechanic's lien, which was filed by the plaintiff, as the assignee of Joseph B. Tisdale. The lien was claimed for materials Tisdale had sold to the defendant Cooper, and which were used in the construction of buildings upon lands of the Read Realty Company. It appears that Cooper has also filed a lien upon the same premises, and in his answer he demands that his lien be foreclosed.

The learned court at Special Term has found that the appellant became indebted to Cooper for the erection of said buildings in the sum of $10,965.75, of which amount $5,229.39 became payable to the plaintiff by reason of the lien it had filed as the assignee of Tisdale, and that the balance was payable to the defendant Cooper under the lien filed by him.

[1] It seems to be true, as contended by the learned counsel for appellant, that a valid mechanic's lien cannot be created by filing the statutory notice by the assignee of a claim. The right to file a mechanic's lien is a personal right, limited to the person performing the labor or furnishing the material, and is not assignable. The transfer of the claim in suit, therefore, did not carry with it the assignor's right to acquire a valid lien. This has been the construction given to similar statutes for many years. Rollin v. Cross, 45 N. Y. 766, 771; Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638; Roberts v. Fowler, 3 E. D. Smith, 632. The language of the statute limits the right to acquire a lien to persons performing the labor or furnishing the materials, and it must be construed in accordance with its terms; and the contention of respondent that the Legislature, by using the words "and includes his successor in interest," in the first subdivision of section 2 of the present Lien Law, intended to permit a lien to be filed

by an assignee, cannot be sustained. The language defining the term "lienor" is as follows:

"The term 'lienor,' when used in this chapter, means any person having a lien upon property by virtue of its provisions, and includes his successor in interest."

A "successor in interest," within the meaning of this term as used in the statute, is one who succeeds to a lienor's rights under a valid notice of lien already filed, by assignment or otherwise. In other words, the assignor must have an existing lien before he can have a "successor in interest."

[2] The suggestion that Tisdale had an "inchoate lien," and that plaintiff is his "successor in interest," is without merit. There is no such thing as an "inchoate" mechanic's lien. The sole right given by the statute is to create a lien, which has no existence, inchoate or otherwise, until the notice is filed, and until this is done no priority among the claims of creditors is recognized. The lien and a consequent priority originates with the notice, when duly filed. Mack v. Colleran, 136 N. Y. 617, 620, 32 N. E. 604. The judgment must be reversed. It may be wise to suggest, however, that this is done as to the defendant Cooper because we are unable to preserve his lien for the full amount that appears to be due to him under the findings before us.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.