LIBERTY BANK OF BUFFALO, Plaintiff, *v.* PECKHAM CONSTRUCTION COMPANY, INC., and Others, Defendants.

Supreme Court, Erie County, April 12, 1933.

*Stanley Montfort,* for the plaintiff.

*Clark H. Hammond,* for the defendant Pittsburg DesMoines Steel Company.

*Howard Saperston,* for the defendant Morris Weinstein, as trustee in bankruptcy of Peckham Construction Company, Inc.

CHARLES B. WHEELER, Official Referee. This is an action to foreclose a mechanic's lien and determine the rights and equities of the parties to a fund arising out of a State public improvement.

The Peckham Construction Company, Inc., entered into a contract with the State of New York for the construction of a State road. The work was completed and accepted by the State on the 16th day of September, 1931. There remains in the State's hands for such work the sum of $3,717.81 subject to distribution to those entitled to receive it.

It is conceded by all that the sum of $1,300 is due and owing the plaintiff, The Liberty Bank of Buffalo, with interest, for moneys advanced and secured by an assignment to it duly filed with the proper State authorities.

The contest is over the balance of said fund to which the Pittsburg DesMoines Steel Company asserts the right by reason of having supplied to the contractor material, the balance owing amounting to the sum of $3,950.98. The amount of this indebtedness owing by the construction company is not disputed.

However, on July 29, 1932, the Peckham Construction Company, Inc., was adjudicated a bankrupt and the defendant Morris Weinstein was appointed trustee in bankruptcy.

On October 31, 1931, the Pittsburg DesMoines Steel Company filed an unverified notice of lien against the fund in the hands of the State for $3,950.98, the balance due that company. As an unverified notice of lien the notice was invalid. (*Mozarsky* v. *Whinston Bros.*, 254 N. Y. 552; *Kingston* v. *M. S. Construction Corp.*, 249 id. 533; *Dwelle - Kaiser Co.* v. *Frid*, 139 Misc. 83.)

On November 7, 1931, the steel company filed a properly verified notice of lien.

Neither of these notices of lien was filed within thirty days from the completion and acceptance of the work by the State. There was, therefore, a non-compliance with the requirements of section 12 of the Lien Law.

The trustee in bankruptcy contends that he is entitled to the fund after the payment to the bank of the amount owing it.

While counsel for the steel company concedes it has failed to establish a statutory lien as required by the Lien Law, it is nevertheless contended that the steel company has an equitable lien on the fund which should be recognized and enforced.

The argument made in substance is that the steel company furnished material which went into the construction of the State road; that it had the right to rely on the statute giving such materialmen liens and, as against general creditors of the bankrupt contractor, the steel company has a superior equity to be paid from the fund created by its contribution to the work and its cost.

This amounts to an appeal to what counsel conceives to be the general justice of the case, but as the referee understands the law cannot be sustained.

We are aware of no law giving supply men any lien on a fund to be paid for contract work simply because they have furnished material for the doing of the work.

The Lien Law has endeavored to protect such creditors by providing the means by which such liens may be asserted and established.

It declares such persons shall have a lien: " Upon filing a notice of lien as prescribed in this article " (Lien Law, § 5), and such notice may be filed, " within thirty days after such completion and acceptance." (§ 12.)

It is all conditional upon compliance with the requirements of the statute.

It was held in *Matter of Cramond* (145 Fed. 966) that the filing of a notice of lien as prescribed in this section, originates the lien, and prior thereto a mechanic or materialman furnishing work or material for a public improvement has no preferential right to be paid out of the sum due the contractor from the State or municipality. (Citing *Stevens* v. *Ogden*, 130 N. Y. 182, where the court said: " The section of the Lien Law [Chap. 342 of the Laws of 1885] * * * prescribes that upon ' filing the notice of lien,' a lien shall be acquired, etc. The filing of the notice originates the lien. Anterior to this act, the laborer or materialman has no preferential right to be paid for his labor or material out of the sum which is due from the owner of the building to the contractor, but stands in the same position as other creditors.") (*Mack* v. *Colleran*, 136 N. Y. 617, 620; *Tubridy* v. *Wright*, 144 id. 519, 522; *Bates* v. *Salt Springs Nat. Bank*, 157 id. 322, 327.)

The referee is unable to see how in this proceeding the Pittsburg DesMoines Steel Company can successfully claim a lien.

The learned counsel for that company cites certain cases which he claims support his contention. We have examined them carefully and in each there are certain facts, agreements or circumstances which take those cases out of the general rule laid down in the cases cited by the referee. In the instant case there are no such facts or circumstances which invoke any change calling for the exercise of equitable relief. There was no special agreement or other thing touching this case. All there is to the case is that the steel company saw fit to extend to the general contractor credit for the materials furnished, and a certain balance remained unpaid on its account, for which it might have perfected a lien had it complied with the statute in such case made and provided. This it failed to do.

If the steel company were entitled to a lien on the fund, then every other person supplying labor or furnishing material for the work would be entitled to a like lien regardless of the statute. It is manifest such a holding would lead to great confusion and render it practically impossible to administer proper relief.

We, therefore, hold that after the payment of the claim of the Liberty Bank of Buffalo, the balance of the fund belongs to the trustee in bankruptcy to be by him distributed to the general creditors of the bankrupt.

Let a decision be drawn in accordance with these views.

So ordered.