**In the Matter of George H. McDONALD, Jr., Bankrupt.**

**Bankr. No. 54204.**

United States District Court
E. D. New York.
July 22, 1958.

Michael Resnik, Patchogue, N. Y., for trustee.

Harold M. Brown, New York City, for Donner Richard Lumber Corp.

BRUCHHAUSEN, District Judge.

The petitioner, Donner Richard Lumber Corp., hereinafter called the creditor, seeks a review of the order of the Referee in Bankruptcy herein, dated June 16, 1958.

The single issue presented to the Referee and now to this Court is whether the creditor has a valid mechanic's lien, within the purview of Section 67, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a, or is only a judgment creditor, whose judgment was perfected within four months before the filing of the petition in bankruptcy. The Referee held that the creditor was in the latter category and that the judgment was null and void under Section 67, sub. a(1) of the Act. The creditor's belated claim that the trustee failed to establish that the bankrupt was insolvent at the time of the entry of judgment, one of the requirements mentioned in the said section, will not be considered by this Court for the reasons that it was not raised in the proceeding below and that the Referee made a finding of such insolvency.

Between May 17, 1956 and July 13, 1956 the creditor supplied lumber to the bankrupt, then engaged in building a house in Suffolk County, New York. After repeated demands for payment, the creditor, on September 10, 1956, accepted a note from the bankrupt for $3,466.24, renewed at intervals until the final renewal on March 12, 1957. Thereafter the creditor brought suit on the latter note in the Supreme Court, County of Queens, on August 5, 1957 and recovered judgment for $3,698.07. It was duly docketed on August 8, 1957. A voluntary petition in bankruptcy was filed on August 13, 1957.

The creditor claims that since his judgment was on a note received for the cost of materials for the improvement of real property, his judgment survives under Section 67, sub. b of the Bankruptcy Act since it is based on a materialman's lien and thereby perfects that lien.

The lien of a supplier of materials for a building is provided for in the New York Lien Law. Section 3 thereof is explicit as to the time of the inception of such lien, viz.:

"A * * * material man, who * * * furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, * * * shall have a lien for * * * the agreed price, of such * * * materials upon the real property improved * * * from the time of filing a notice of such lien as prescribed in this chapter. * * *"

The creditor failed to meet the basic requirement of the statute in that he never filed a notice of lien.

The supplier of materials has no lien inchoate or otherwise until the notice of lien referred to in Section 3 is filed. Tisdale Lumber Co. v. Read Realty Co., 154 App.Div. 270, 138 N.Y.S. 829; Mack v. Colleran, 136 N.Y. 617, 32 N.E. 604. Since the creditor admits that he did not give the notice required by the statute (Lien Law, Section 10), he never perfected his lien and therefore has no judgment based on a mechanic's lien.

The creditor submits no authority wherein a judgment based upon a note given for the cost of materials was held to perfect a materialman's lien in lieu of the procedure indicated in Section 10 of the Lien Law.

While it is true that the Lien Law was enacted for the protection of materialmen, among others, it is likewise true that the materialman must perfect his lien under Section 10 of that law in order to place himself within its protection.

It is clear that anyone claiming the benefit of a statute must meet its requirements to sustain his position. In this the creditor, unfortunately, has failed.

The order of the Referee is confirmed.