Jacob Markowitz, J.
Defendant, Simpson Factors Corporation, moves for dismissal of the complaint for legal insufficiency. The defendant, Raymar Contracting Corp., contracted to furnish labor and material to the general contractor in connection with the improvement of real property located in this city and owned by the United States Government. Plaintiff contracted to and did furnish labor and material to the defendant, Raymar Contracting Corp., in connection with that improvement. It is alleged that Raymar Contracting Corp. had received certain payments from the general contractor, indorsed over and delivered the original checks for each such payment to the defendant, Simpson Factors Corporation. The latter at no time filed an assignment of moneys due or to become due under the agreement between Raymar Contracting Corp. and the general contractor although Simpson Factors Corporation at all such times had notice and knowledge of the source and origin of the fund and thereby in the acceptance of the checks and the retention of the proceeds it participated with Raymar Contracting Corp. in the diversion of trust funds and by operation of law became a trustee for the benefit of plaintiff.
The defendant contends that it was not required to file an assignment since the particular improvement involving property in the ownership of the United States Government is not covered by article 3-A of the Lien Law. Subdivision 1 of section 70 of article 3-A is as follows: “ The funds described in this section received by an owner for or in connection with an improvement of real property in this state, or received by a contractor under or in connection with a contract for an improvement of real property or a contract for a public improvement in this state, or received by a subcontractor under or in connection with a *77 subcoptract made with the contractor for such improvement of real property or public improvement or made with any subcontractor under any such contract, and any right of action for any such funds due or earned or to become due or earned, shall constitute assets of a trust for the purposes provided in section seventy-one of this chapter.” (Italics supplied.)
The term “ owner ” is defined in subdivision 3 of section 2 of the Lien Law as follows: “ Owner. The term ‘ owner,’ when used in this chapter, includes the owner in fee of real property, or of a less estate therein, a lessee for a term of years, a vendee in possession under a contract for the purchase of such real property, and all persons having any right, title or interest in such real property, which may be sold under an execution in pursuance of the provisions of statutes relating to the enforcement of liens of judgment, and all persons having any right or franchise granted by a public corporation to use the streets and public places thereof, and any right, title or interest in and to such franchise. The purchaser of real property at a statutory or judicial sale shall be deemed the owner thereof from the time of such sale. If the purchaser at such sale fails to complete the purchase, pursuant to the terms of the sale, all liens created by his consent after such sale shall be a lien on any deposit made by him and not on the real property sold.” (Italics supplied.)
The purpose of the Lien Law is protection of labor and materialmen. Nothing contained in subdivision 3 of section 2 or in section 70 requires a construction that the enforcement of rights acquired pursuant to article 3-A excludes property owned by the United States Government. The phrase in subdivision 3 of section 2 beginning with the italicized word ‘1 which ’ ’ modifies the preceding phrase only and therefore does not relate to property owned by the United States Government by virtue of which such property may not be sold under an execution. Moreover, the trust may be enforced regardless whether the claimant had filed a mechanic’s lien or had the right to do so.
The defendant relies on Allied Thermal Corp. v. Talcott, Inc. (3 N Y 2d 302) involving property situated in the State of Pennsylvania. The sole question there determined was whether the Lien Law applied to property situated outside the State of New York. There, the court stated (p. 304): “ Other States including Pennsylvania (see Martindale-Hubbell, Lawyer’s Directory, Vol. III, Digest of Pennsylvania Laws, under heading 1 Mechanics’ Liens ’) have their own peculiar systems of statutory protections for materialmen and laborers. Only confusion could result from applying one part of a particular State’s *78 statutory system to a real property improvement situated in another State where the local statutory scheme is quite different.”
The fact that Federally-owned property may be outside the jurisdiction of the State does not oust the court of jurisdiction in dealing with trust funds involving such property located within the State even though it could not be sold under an execution. Indeed, trust moneys falling into the hands of a representative of the United States Government could be reached if in the attempt to do so no liability was sought to be imposed upon the United States Government. The defendant refers to the fact that under title 40 of the United States Code, protection is also given to materialmen and laborers but no authority is furnished in support of any contention that this system of protection precludes any claim of right under article 3-A of the Lien Law or ousts the State of jurisdiction with respect to any trust fund created in connection with the improvement of Federally-owned property. Indeed, in addition, the surety furnishing bonds in pursuance of the Federal system might very well be subrogated to the rights of claimants under article 3-A of the Lien Law. The purpose of either system, the State or Federal, is to protect the materialmen and laborers and no reason appears why such protection should be withdrawn in the circumstances here merely because the property involved is Federally owned. Moreover, the Federal system is not adequate and complete in all cases.
No construction of the statutes involved would be warranted which would cut down their purpose and effect so that trust funds created in the improvement of Federally-owned property would be withdrawn from the protection of those statutes. No authority in point has been furnished to the court and it is its considered opinion that the statutes must be construed to cover this plaintiff. There is no logical reason to believe that the Legislature did not intend to cover with trust protection moneys paid in any situation where material and labor are involved in construction and improvements, merely because the site benefited might be Federally owned. The motion is denied.