I. Burack, Inc., on Behalf of Itself and on Behalf of All Other Persons Entitled to Share in the Funds Received by the Subcontractor, Raymar Contracting Corp., from Gelco Builders-Burjay Construction Corp., in Connection with the Improvement of Real Property Owned by the United States Government in the City of New York, Respondent, *v.* Simpson Factors Corporation, Appellant, et al., Defendant.

First Department, June 25, 1964.

*Albert Foreman* of counsel (*Jerrold Morgulas* with him on the brief; *M. Carl Levine, Morgulas & Foreman,* attorneys), for appellant.

*Mortimer Feuer* of counsel (*Benjamin Algase, Abraham Porter* and *Norman Kapp* with him on the brief; *Benjamin D. Share,* attorney), for respondent.

STEUER, J. Gelco Builders-Burjay Construction Corp., a joint venture, entered into a contract with the appropriate department of the United States Government to perform certain work for the improvement and refurbishing of the general post office building located at Eighth Avenue and 34th Street in this city. The joint venture in turn contracted with Raymar Contracting Corp. for the installation of air-conditioning equipment. Plaintiff supplied material to Raymar.

Defendant Simpson Factors Corporation advanced funds to Raymar under a contract, and pursuant to that contract Raymar indorsed over to Simpson certain checks that it had received from the joint venture. Plaintiff seeks to impress a trust on these checks or their proceeds as constituting an illegal diversion pursuant to article 3-A of the Lien Law.

Plaintiff concedes that the building, being property of the United States, is not subject to the Lien Law and that no mechanic's lien could be filed against it. But, plaintiff contends, this situation does not affect its rights to enforce the remedies provided by article 3-A. To support this contention it relies on subdivision 4 of section 71 of article 3-A, which provides that persons having claims may pursue the remedies provided in the article whether or not they had the right to file a lien. We deem that reliance to be misplaced.

The entire scheme of the Lien Law, including the trust fund remedies of article 3-A, is designed for the protection of those who supply labor or materials for the improvement of real property in this State. As regards all other realty, the statute in its entirety has no application (*Allied Thermal Corp.* v. *James Talcott, Inc.,* 3 N Y 2d 302). It would follow that the provisions of section 71 above described have application to situations where a supplier for reasons other than the situs of the property is precluded from filing a lien.

Plaintiff further contends that even though the real estate is the property of the United States, State laws apply to it. Undoubtedly certain State laws do apply to lands ceded by the State to the Federal Government. The jurisdiction which the State retains does not, however, apply to the application of such laws as " affect the title of the United States or embarrass it in using the lands or interfere with its right of disposal " (*Surplus Trading Co.* v. *Cook,* 281 U. S. 647, 650). It cannot be denied that the filing of a mechanic's lien against property

affects the title and embarrasses the owner in the use of that property.

It is true that the relief sought in this action will not embarrass the United States as owner. But even if the statute is regarded as limited to article 3-A, the trust fund provisions, it will be seen that these also apply to an owner (§ 70). And if the statute, rather than the particular action which might be brought under it, either affects the title of the United States or embarrasses it in the use of the property, it is inoperative.

A practical reason which leads to the same determination is that today virtually all jurisdictions, including the United States (Miller Act; U. S. Code, tit. 40, §§ 270a, 270b) make provision for the protection of those who supply labor or materials to realty. Enforcement of the remedies provided by jurisdictions other than the one in which the property is located can only bring conflict and confusion (see *Allied Thermal Corp.* v. *James Talcott, Inc., supra,* p. 304).

The order denying motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice should be reversed on the law and the complaint dismissed, with costs to appellant.

BREITEL, J. P., VALENTE, EAGER and STALEY, JJ., concur.

Order, entered on December 15, 1961, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs.