**UNITED STATES of America,
Plaintiff,**

**v.**

**JOE MURRAY'S POINT LOOKOUT,
INC., et al., Defendants.**

**SKELLYWAY CONSTRUCTION COM-
PANY, INC., Plaintiff,**

**v.**

**SMALL BUSINESS ADMINISTRATION,
an Agency of the United States Govern-
ment, and the People of the State of
New York, Defendants.**

No. 70 Civ. 5092.

United States District Court,
S. D. New York.

April 16, 1973.

See also 342 F.Supp. 92.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for plaintiff United States and defendant Small Business Administration; Dennis J. Helms, Asst. U. S. Atty., of counsel.

Heffernan & Brown, by Charles J. Brown and Walter J. Heffernan, Windham, N. Y., for Skellyway Construction Co., Inc.

## MEMORANDUM

BONSAL, District Judge.

In this consolidated action, the United States of America ("the Government") moves pursuant to Rule 12(b)(6), F.R. Civ.P., to dismiss the complaint of Skellyway Construction Co., Inc. ("Skellyway") for failure to state a claim on which relief can be granted.

The facts central to the Government's motion are undisputed. Joe Murray's Point Lookout, Inc. ("Lookout") was a New York corporation having its office and principal place of business in Durham, Greene County, New York and was the fee simple owner of certain property ("Property") located in Durham, Greene County, New York, together with a restaurant and motel located thereon.

On July 31, 1967, the Small Business Administration ("SBA") loaned $100,000 to Lookout in exchange for its promissory note secured by a mortgage on the Property, which mortgage was recorded on the same date. On June 27, 1968, SBA loaned $56,000 to Hunter Area Development Co., Inc. ("Hunter") in exchange for its promissory note. Hunter loaned this sum to Lookout, which loan was secured by a second mortgage on the Property and which mortgage was recorded and assigned by Hunter to SBA on the same date. Subsequently, Lookout defaulted on its payments to SBA, and on October 20, 1969, in lieu of foreclosure, Lookout executed and delivered to SBA a deed to the Property, which deed was recorded on October 23, 1969.

On November 14, 1967, Skellyway entered into a contract with Lookout to complete 14 motel units and a banquet hall on the Property. The contract was performed by Skellyway and, at the request of Lookout, Skellyway performed extra work with respect thereto, in the amount of $11,263.12. On October 28, 1969, within four months after the completion of the extra work, Skellyway filed a notice of mechanic's lien and served a copy on SBA. The mechanic's lien has not been paid, waived or discharged.

Skellyway then instituted an action in the County Court, Greene County, New York against SBA and the State of New York to foreclose its mechanic's lien on the Property, which action was removed to this court by the Government on November 20, 1970 (70 Civ. 5092). On December 7, 1970, the Government instituted an action against Lookout, Hunter, Skellyway, and Point Lookout Motel, Inc. to quiet its title in fee simple absolute to the Property (70 Civ. 5353). By order dated July 6, 1972, both actions were consolidated (70 Civ. 5092).

The Government contends that under New York law, Skellyway does not have a valid mechanic's lien since the deed conveying title from Lookout to SBA contained a trust fund covenant in compliance with Section 13 of the New York Lien Law, McKinney's Consol. Laws, c. 33, with the result that all mechanic's liens filed subsequent to the conveyance are invalid.

Section 13(5) of the New York Lien Law provides in relevant part as follows:

"(5) No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed within four months from the recording of such

conveyance, unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose."

A clause pursuant to Section 13(5) was included in the deed from Lookout to SBA. However, a deed in lieu of foreclosure does not create a trust fund out of which the lien could subsequently be discharged. Rubinstein v. Jamaica National Bank of New York, 40 N.Y.S.2d 23 (Sup.Ct. Nassau Cty. 1943), aff'd without opinion, 266 A.D. 977, 44 N.Y.S.2d 950 (App.Div. 2d Dept. 1943), aff'd 294 N.Y. 727, 61 N.E.2d 455 (1945). Accordingly, Skellyway's lien was not discharged.

The Government further contends that the mechanic's lien is invalid as it arose after the Government obtained title to the Property, and that under the doctrine of sovereign immunity the Government may not be sued by the holder of a mechanic's lien on its property. Surplus Trading Co. v. Cook, 281 U.S. 647, 650, 50 S.Ct. 455 (1930); I. Burak, Inc. v. Simpson Factors Corp., 32 Misc. 75, 223 N.Y.S.2d 750 (Sup.Ct. N.Y.Cty. 1961), rev'd, 21 A.D.2d 481, 250 N.Y.S.2d 989 (1st Dept.1964), aff'd without opinion, 16 N.Y.2d 604, 261 N.Y.S.2d 58, 209 N.E.2d 105 (1965).

Skellyway contends that as the Aid to Small Business Act ("Act"), (15 U.S.C. § 631 et seq.) provides that the Small Business Administrator can be sued in any state court of general jurisdiction or in any U.S. district court with respect to the functions and powers vested in him by the Act (15 U.S.C. § 634(b)(1)), Congress, says Skellyway, waived the Government's sovereign immunity over property acquired by the SBA in lieu of foreclosure. Riordan v. Ferguson, 42 F.Supp. 47 (S.D.N.Y. 1941), rev'd on other grounds, 147 F.2d 983 (2d Cir. 1945).

█   The acquisition of title to the Property in lieu of foreclosure was within the powers given to SBA by statute. 15 U.S.C. § 634(b)(5). Moreover, a mechanic's lien becomes effective only on filing (Tisdale Lumber Co. v. Read Realty Co., 154 App.Div. 270, 138 N.Y.S. 829 (2d Dept., 1912); In Re McDonald, 163 F.Supp. 951 (E.D.N.Y.1958)), and here it was filed after the conveyance by Lookout to SBA.

█   While Congress has provided that the Small Business Administrator can be sued (15 U.S.C. § 634(b)(1), see also United States v. Mel's Lockers, Inc., 346 F.2d 168 (10th Cir. 1965)), this waiver of sovereign immunity is a limited one as ". . . no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property; . . . ." An action to foreclose a mechanic's lien obtained after the Government acquired title is such a similar process on the Administrator's property. It follows that the limited waiver of sovereign immunity contained in the Act does not encompass Skellyway's action to foreclose its mechanic's lien. See also Surplus Trading Co. v. Cook, *supra*; I. Burak, Inc. v. Simpson Factors Corp., *supra*; Armstrong v. United States, 364 U.S. 40, 46, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).[1]

---

1. Skellyway relies on Riordan v. Ferguson, *supra*, where the District Court denied the Government's motion to dismiss the complaint for lack of subject matter jurisdiction. (On this issue, the Court of Appeals agreed with the District Court.) The plaintiff sought to foreclose on a mortgage on property which the Federal Housing Administrator had subsequent-

ly acquired under the National Housing Act, the Government contending that though the Federal Housing Administrator was the record owner of the property, the real owner was the United States, which could not be sued.

However, the waiver of sovereign immunity in the National Housing Act (12 U.S.C. § 1702) does not contain the limita-

Accordingly, the Government's motion to dismiss Skellyway's complaint pursuant to Rule 12(b)(6), F.R.Civ.P. is granted.

Settle order on notice.

tion contained in 15 U.S.C. § 634(b)(1). Moreover, property held by SBA in lieu of foreclosure is not subject to state and local taxation (United States v. Schwartz, 278 F.Supp. 328 (S.D.N.Y. 1968); United States v. City of Roanoke, 258 F.Supp. 415 (W.D.Va.1966)) whereas, the National Housing Act (12 U.S.C.

§ 1701 et seq.) provides that real property held and acquired by the Administrator under the National Housing Act shall not be exempt from state and local taxation. 12 U.S.C. §§ 1706b and 1714. Finally, the mortgage in *Riordan* arose prior to the transfer of property to the Government.