OPINION OF THE COURT
Arthur S. Hirsch, J.
This proceeding was commenced by petitioner to compel respondent to serve a verified statement pursuant to section 76 of the Lien Law. Mr. Justice Frank Composto by . order dated May 3, 1979 directed respondent to serve said verified statement. A statement was served but was rejected by petitioner as defective. Petitioner then moved to punish for contempt for respondent’s noncompliance with Mr. Justice Composto’s order. The motion came before this court, which awarded petitioner costs while denying petitioner’s motion on technical grounds, with leave to renew the motion on proper *534 papers unless respondent served a proper verified statement within 15 days after the service of the order.
The instant motion by respondent is to reargue the petitioner’s motion to punish the respondent for contempt and to deny petitioner’s contempt motion and further to dismiss the proceedings. The proceeding involves a construction job which was to provide a facility for the United States Postal Service to be located in the John F. Kennedy Airport. The realty upon which the facility was constructed is owned by the New York Port Authority. The petitioner allegedly furnished material to the respondent for use on the project; the respondent is a subcontractor to a company which is the general contractor with the Postal Service.
The logic behind respondent’s request for reargument and dismissal of the petition is that the court allegedly overlooked the fact that the Lien Law of New York State can have no application in a situation involving a Federal government construction. Respondent would claim the sovereign immunity long associated with the Post Office Department and relies on I. Burack, Inc. v Simpson Factors Corp. (21 AD2d 481, affd 16 NY2d 604), a 1965 case which, unfortunately for respondent’s position, is outdated.
In 1970, Congress passed the Postal Reorganization Act establishing the United States Postal Service, which was to operate in a "businesslike” fashion (Standard Oil Div., Amer. Oil Co. v Starks, 528 F2d 201, 202). Among the powers granted to the Postal Service was the power "to sue and be sued” (US Code, tit 39, § 401, subd [1]). In a keystone case on the subject of statutory "sue and be sued” clauses, Federal Housing Admin. v Burr (309 US 242), that court flatly stated that sovereign immunity is disfavored. The court opined that "it must be presumed that when Congress launched a governmental agency into the commerical world and endowed it with authority to 'sue or be sued’, that agency is not less amenable to judicial process than a private enterprise under like circumstances would be.” (Supra, at p 245.)
In a more recent case, Beneficial Fin. Co. of N. Y. v Dallas (571 F2d 125 [1978]), dealing particularly with the United States Postal Service claim of immunity, the court explicated the concept of autonomy vis-á-vis responsibility, stating that Congress, in removing the United States Postal Service from the political sphere, had authorized it to act as an independent establishment with power equivalent to a private busi *535 ness enterprise. The responsibilities which are concomitant with this new autonomy, including full involvement with litigation, cannot be ignored (supra, at p 128).
In accord with this concept, this court found that sovereign immunity is not available in this proceeding and that New York State Lien Law may properly be applied. As no law was overlooked by this court in the original motion, the respondent’s instant motion for reargument is denied. Respondent is directed to comply with the petitioner’s demand for a statement pursuant to section 76 of the Lien Law. Upon failure on the part of the respondent to serve a proper statement as set forth above within 15 days after service of a copy of the order to be entered herein, petitioner may move to punish the respondent for contempt on proper papers. The cost in the amount of $25, awarded in this court’s original order, remains in effect.