**MADISON RESTORATION CORP., Plaintiff,**

v.

**The SMITHSONIAN INSTITUTE, AJ Contracting Company, Inc. and "XXX Surety, Inc.," an Unknown Surety Corporation, Defendants.**

**No. 97 CIV. 2312 RWS.**

United States District Court, S.D. New York.

Dec. 15, 1997.

McDonough Marcus Cohn & Tretter, (K. Richard Marcus, Lorraine D'Angelo, of Counsel), New York City, for Defendants.

## OPINION

SWEET, District Judge.

Defendant A.J. Contracting Co., Inc. ("AJ Contracting") has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the first claim in plaintiff Madison Restoration Corporation's ("Madison") complaint (the "Complaint") for failure to state a claim upon which relief can be granted. Madison alleged three claims in the Complaint: (1) foreclosure upon a lien pursuant to New York Lien Law against all defendants (the "Lien Claim"); (2) breach of contract against AJ Contracting; and (3) quantum meruit against AJ Contracting. Madison has cross-moved to substitute parties, pursuant to Rule 25 of the Federal Rules of Civil Procedure. For the reasons set forth below, AJ Contracting's motion is granted, the Lien Claim is dismissed, and Madison's motion is denied, with leave granted to amend the Complaint within twenty (20) days of the date hereof.

### The Parties

Madison is a New York State corporation with its principal office at 5 Penn Plaza, New York, New York.

A.J. Contracting is a New York State corporation with its principal office at 470 Park Avenue South, New York, New York.

The Smithsonian Institution (the "Smithsonian") is a federal entity with its principal office at 1000 Jefferson Drive, S.W., Washington, D.C.

### Prior Proceedings and Facts

In considering a motion to dismiss, the factual allegations of the complaint are presumed to be true and all factual inferences must be drawn in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (on review of sufficiency of a complaint, "allegations of the complaint should be construed favorably to the pleader"); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Dwyer v.*

Timothy J. Tyree, Glens Falls, NY, for Plaintiff.

*Regan,* 777 F.2d 825, 828–29 (2d Cir.1985). Accordingly, the factual allegations considered here and set forth below are taken from the Complaint and do not constitute findings of fact by the Court.

On December 24, 1994, AJ Contracting entered into a contract with the Smithsonian to supply all labor and material to perform work on a project known as the Renovation/Construction of the Miller/Fox Townhouses and the Carnegie Mansion at the Cooper–Hewitt Museum located at 2 East 91st Street, New York, New York (the "General Contract"). In connection with this project, on or about August 1, 1995, Madison and AJ Contracting entered into a contract whereupon Madison agreed to provide labor and material necessary for AJ Contracting to fulfill its contract with the Smithsonian (the "Subcontract").

Madison undertook to perform the Subcontract, but AJ Contracting terminated the Subcontract before completion. AJ Contracting paid Madison $235,931 for work performed, and a balance in the amount of $98,953 is due and owning.

On January 21, 1997, Madison filed with the Smithsonian a Notice of Lien on Account of a Public Improvement, pursuant to N.Y. Lien Law § 12 (McKinney's 1993) (the "Lien"). The Lien, in the amount of $98,953, is against the interest of AJ Contracting in monies due or to become due upon the General Contract. Madison also served a copy of the Lien on AJ Contracting. At the time the Lien was filed, an amount was due and owning, or to become due, from the Smithsonian to AJ Contracting pursuant to the General Contract in excess of the amount of the Lien. AJ Contracting served on Madison a Notice to Commence Action or Show Cause, pursuant to N.Y. Lien Law § 21–a, requiring Madison to commence an action within thirty days thereof.

On February 28, 1997, Madison filed the Complaint in New York State Supreme Court. On or about March 19, 1997, AJ Contracting moved to dismiss the Lien Claim.

On April 1, 1997, the Smithsonian filed a notice of removal to remove the action to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446. On July 24, 1997, Madison filed its motion to substitute parties. The motions were deemed fully submitted on August 26, 1997, without oral argument.

## Discussion

### I. Standard for Motion To Dismiss

 In deciding the merits of a motion to dismiss for failure to state a claim, all material allegations composing the factual predicate of the action are taken as true, for the court's task is to "assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). Thus, where it is clear that plaintiff can prove no set of facts in support of his or her claim which would warrant relief, the motion to dismiss must be granted. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989) (on motion under Rule 12(b)(6), Fed.R.Civ.P., affirmation of dismissal of the complaint requires it to be " 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' ") (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

### II. The Lien Claim Must Be Dismissed

 The New York Lien Law provides that:

A person performing labor for or furnishing materials to a contractor ... for the construction ... of a public improvement pursuant to a contract by such contractor with the state or a public corporation ... shall have a lien for the principal and interest of the value or agreed price of such labor, including benefits and wage supplements due or payable for the benefit of any person performing labor, or materials upon the moneys of the state or of such corporation applicable to the construction or demolition of such improvement, to the extent of the amount due or to become due on such contract ... upon filing a notice of

lien as prescribed in this article, except as hereinafter in this article provided.

N.Y. Lien Law § 5 (McKinney's 1993). Accordingly, a public improvement lien can only be filed pursuant to "a contract ... with the *State* or *public corporation.*" *Id.* (emphasis added). A public corporation is defined as "a municipal corporation or a district corporation or a public benefit corporation as such corporations are defined in section three of the general corporation law." *Id.* at § 2(6).

Therefore, Madison must show that the Smithsonian is either a state, a municipal corporation, a district corporation, or a public benefit corporation. A "municipal corporation" is defined as "a county, city, town, village and school district." N.Y. Gen. Constr. Law § 66(2).[1] A "district corporation" is "any territorial division of the state, other than a municipal corporation." *Id.* at § 66(2). A "public benefit corporation" is "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof." *Id.* at § 66(4). Furthermore, a "public improvement" must be "an improvement of any real property." N.Y. Lien Law § 2(7).

■ The Smithsonian Institution owes its existence to a bequest of James Smithson, an Englishman, " 'to the United States of America, to found at Washington, under the name of the Smithsonian Institution, an establishment for the increase and diffusion of knowledge among men.' " *See Russell v. Allen,* 107 U.S. 163, 171, 2 S.Ct. 327, 333, 27 L.Ed. 397 (1883); 20 U.S.C. § 41 ("The President, the Vice President, the Chief Justice, and the heads of executive departments are constituted an establishment by the name of the Smithsonian Institution for the increase and diffusion of knowledge among men."). The Board of Regents, composed of the Vice President, the Chief Justice of the Supreme Court, six members of Congress, and nine other citizens selected by joint resolution of Congress, oversee the operation of the Smithsonian. *See id.* § 42. For purposes of the instant motion, we adopt the characterization by the United States Attorney in the Notice of Removal in this action that the Smithsonian is a trust instrumentality of the United States.

The Smithsonian does not qualify for any of the four categories set forth for a valid lien. The Smithsonian is not a state, municipal corporation or district corporation. Moreover, it is not a public benefit corporation because, *inter alia,* it was not formed to improve real property wholly or partly within New York. Accordingly, the Lien Claim must be dismissed.[2]

## III. *The Motion to Substitute Parties is Futile And, Unless Amended to Assert A Federal Claim, the Case Is Remanded*

■ Madison moves, pursuant to Rule 25 of the Federal Rules of Civil Procedure, to substitute AJ Contracting's surety, the Federal Insurance Company ("Federal Insurance"), for the unknown surety corporation

---

1. The General Corporation Law was repealed by 1973 N.Y. Laws ch. 451, and the relevant definitions therein were superseded by General Construction Law § 66. *See Albany County Indus. Dev. Agency v. Gastinger Ries Walker Architects, Inc.,* 144 A.D.2d 891, 534 N.Y.S.2d 823, 824 n.* (3d Dep't 1988).

2. *I. Burack, Inc. v. Simpson Factors Corp.,* 21 A.D.2d 481, 250 N.Y.S.2d 989 (1st Dep't 1964), *aff'd,* 16 N.Y.2d 604, 261 N.Y.S.2d 58, 209 N.E.2d 105 (1965), is cited by AJ Contracting in support of the motion to dismiss. However, *Burack* did not address the issue here, which is the proper construction of "public corporation" in N.Y. Lien Law § 5. In *Burack,* the plaintiff, a materials supplier, sought to impress a trust on certain checks endorsed over by a subcontractor to a funding company on the theory that the endorsement constituted an illegal diversion of funds under the New York Lien Law. The checks had been drawn by a joint venture which had contracted to renovate a United States post office. The court interpreted N.Y. Lien Law § 71(4), which provides that: "Persons having claims for payment of amounts for which the trustee is authorized to use trust assets as provided in this section are beneficiaries of the trust whether or not they have filed or had the right to file a notice of lien as provided in article two of this chapter or shall have recovered a judgment therefor." The court held that the text "whether or not they ... had the right to file a notice of lien" did not mean that the trust provisions applied to property of the United States. *Id.* at 990–91.

referenced in the caption as "XXX Surety Corporation". AJ Contracting contends that the motion must be denied as futile, since even if Federal Insurance is substituted, the Lien Claim would be dismissed. The party substitution, even if it were proper under the Federal Rules of Civil Procedure, would not cure the defect that the Smithsonian is not a state or public corporation for purposes of New York Lien Law § 5, and therefore the motion is denied as futile.

■ Madison's contention that a valid lien may be imposed under the Miller Act, 49 Stat. 793, as amended (codified at 40 U.S.C. §§ 270a—270d) (the "Act"), is not appropriate here. The Act was designed to provide an alternative remedy to the mechanics' liens ordinarily available on private construction projects. The Act requires a Government contractor to post a surety bond "for the protection of all persons supplying labor and material in the prosecution of the work provided for" in the contract, and further provides that any person who has so furnished labor or material and who has not been paid in full within 90 days after the last labor was performed or material supplied may bring suit on the payment bond for the unpaid balance. *See* 40 U.S.C. § 270b(a). Because "a lien cannot attach to Government property," persons supplying labor or materials on a federal construction project were to be protected by a payment bond. *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 121–22, 94 S.Ct. 2157, 2161–62, 40 L.Ed.2d 703 (1974).

As AJ Contracting contends, there is no Miller Act claim in the Complaint. Accordingly, even if Federal Insurance could be joined to this action by substitution or other means, such action would be premature until the Complaint was amended. A motion to amend would present different issues than the instant motions, and is not before the Court. Accordingly, the motion to substitute parties is denied as futile.

■ Dismissal of the Lien Claim leaves only the two state law claims—a contract claim and a *quantum meruit* claim. The statute providing this Court with supplemental jurisdiction over state law claims, 28 U.S.C. § 1367(c), provides, in part, that the "[d]istrict courts may decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." *Id.* Exercise of supplemental jurisdiction is therefore within the discretion of the district court. *See Travelers Ins. Co. v. Keeling,* 996 F.2d 1485, 1490 (2d Cir.1993). The Second Circuit has said that " 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.' " *Castellano v. Board of Trustees of Police Officers' Variable Supplements Fund,* 937 F.2d 752, 758 (2d Cir.1991) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)). The action here is at the initial stages and all federal claims have been dismissed. Therefore, unless the Complaint is amended to allege a federal claim providing for federal jurisdiction, the case shall be remanded.

### Conclusion

For the reasons set forth above, AJ Contracting's motion is granted, the Lien Claim is dismissed, and Madison's motion is denied, with leave granted to amend the Complaint within twenty (20) days of the date hereof.

It is so ordered.