■ ALBANY COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants, v GASTINGER RIES WALKER ARCHITECTS, INC., et al., Defendants, and EDWARD J. MATTHEWS, INC., Respondent. —Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Cheeseman, J.), entered April 26, 1988 in Albany County, which denied plaintiffs' cross motion for summary judgment declaring mechanic's liens held by defendants void.

Plaintiff Albany County Industrial Development Agency (hereinafter ACIDA) is a public benefit corporation *(see,* General Municipal Law § 856 [2]; § 903-b) and hence a public

corporation within the meaning of Lien Law § 2 (6).* ACIDA owns in fee a tract of real property known as the Tobin plant which it leased to McNar Industries, Inc. in December 1983. After a series of transfers, the lease was ultimately assigned to plaintiff Exchange Street Associates (hereinafter Exchange) in November 1987. The lease provides that the Tobin property may be purchased by the lessee for $1 at the expiration of the lease term or prior thereto upon designated payment terms and conditions. The lease/purchase agreement provides that the lessor will keep the property free from liens other than the lien of any preexisting mortgage.

In 1985 and 1986, defendants supplied labor, materials, and services for improvement of the Tobin plant to a prior assignee of the lease/purchase agreement. Not being paid, defendants each filed a mechanic's lien against the property. Plaintiffs subsequently commenced this action for a declaratory judgment with the purpose in mind of clearing the title to the Tobin property. Other than defendant Edward J. Matthews, Inc. (hereinafter Matthews), the named defendants have satisfied their liens or, as in the case of defendant Graybar Electric Company, Inc., did not participate in the motions before Supreme Court giving rise to this appeal. Matthews, which does not assert any claim against any allocated fund under Lien Law § 5, but rather has endeavored to lien improvements commissioned by ACIDA's lessee, moved to dismiss plaintiffs' complaint. Plaintiffs cross-moved for summary judgment declaring the remaining mechanic's liens null and void. Supreme Court denied both motions. Plaintiffs appeal.

The rule that real property owned by a public corporation is immune to mechanic's liens has a long and venerable history, one which is beyond the court's power to change (see, *Lincoln First Bank v Spaulding Bakeries*, 117 Misc 2d 892, 896-898). Though fully cognizant of this rule, Matthews maintains, nevertheless, that it would not violate the policy of protecting the inalienability of public land (see, *Leonard v City of Brooklyn*, 71 NY 498) to allow its lien to attach to the extent of Exchange's leasehold interest. But that very proposition was expressly rejected in *Matter of Paerdegat Boat & Racquet Club v Zarrelli* (83 AD2d 444, 449 [Hopkins, J. P., concurring in

---

* Lien Law § 2 (6) defines a public corporation as "a municipal corporation or a district corporation or a public benefit corporation as such corporations are defined in section three of the general corporation law". The General Corporation Law was repealed by Laws of 1973 (ch 451) and replaced with, *inter alia,* General Construction Law § 66 (see, General Construction Law § 66 [1], [4]).

part and dissenting in part], *revd on dissenting opn below* 57 NY2d 966). In an effort to distance itself from that decision Matthews suggests that the rationale employed there, that the municipality should be able to choose its lessees *(supra,* at 451), has no relevancy to the matter *sub judice* for the lease here is assignable and indeed has changed hands several times since 1983. Moreover, Matthews observes, a lending creditor is permitted to foreclose upon such a leasehold when, as apparently happened in the course of this lease, the leasehold is used as mortgage security. Logical though these arguments may be, they do not diminish this court's obligation to implement Court of Appeals precedent. Additionally, they ignore the underlying premise of the rule, namely, that sovereign immunity must be explicitly waived *(see,* 55 NY Jur, State of New York, § 190, at 721 [1967]).

Matthews contends further that the lease is a sham given the nominal price of the purchase option and that the facade of a lease is maintained solely to enable the lessee to reap tax benefits which would not otherwise be available to it if ACIDA was not the fee owner. Indeed, this point is borne out by Exchange's purchase of the leasehold for over $1.1 million. Therefore, argues Matthews, implicitly, Exchange and its predecessors in interest should be deemed the fee owners and not afforded the protection of public immunity to mechanic's liens. This thesis overlooks the fact that a mechanic's lien is a statutory remedy, to be strictly construed with respect to public liability, and that equitable principles may not be relied upon to expand the statutes' general scope and purpose *(see, Matter of Paerdegat Boat & Racquet Club v Zarrelli, supra,* at 449). Correction of any perceived defect in the statute is the Legislature's province.

Finally, Matthews maintains that ACIDA, under the terms of the lease, consented to the improvements made by Matthews, thereby permitting attachment of a mechanic's lien under Lien Law § 3. Inasmuch as ACIDA is a public corporation, consent on its part is irrelevant for it cannot effect a waiver of the legislative policy of the State immunizing it from the attachment of mechanic's liens.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' cross motion for summary judgment; said motion granted and it is declared that the mechanic's liens filed by defendants Graybar Electric Company, Inc., and Edward J. Matthews, Inc., are void; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.