PLATTSBURGH QUARRIES, INC., Respondent, v DONALD MARKOFF, Doing Business as DONALD MARKOFF CONSTRUCTION COMPANY, et al., Defendants, and PYRAMID CHAMPLAIN COMPANY, Appellant. (Action No. 1.)

YANKEE ELECTRIC SUPPLY, INC., Respondent, v COUNTY OF CLINTON INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants, and PYRAMID CHAMPLAIN COMPANY, Appellant. (Action No. 2.)

AIRD DORRANCE, INC., Respondent, v PYRAMID CHAMPLAIN COMPANY, Appellant, et al., Defendants. (Action No. 3.)

In the Matter of PYRAMID CHAMPLAIN COMPANY, Appellant, v CLINTON ELECTRIC SUPPLY CORPORATION, Respondent. (Action No. 4.)

Third Department, October 18, 1990

## APPEARANCES OF COUNSEL

*Shanley, Sweeney & Riley, P. C. (J. Michael Naughton* of counsel), for appellant.

*James J. Coffey* for Plattsburgh Quarries, Inc., respondent.

*Asadourian & Johnston (Stephen A. Johnston* of counsel), for Yankee Electric Supply, Inc., and *Martin M. Goldman* for Clinton Electric Supply Corporation, respondents. (One brief filed.)

*Stafford, Purcell & Edwards (D. Andrew Edwards, Jr.,* of counsel), for Aird Dorrance, Inc., respondent.

## OPINION OF THE COURT

KANE, J.

The resolution of these appeals is centered in a single issue. Is real property, legal title to which is temporarily transferred from a private developer to a public benefit corporation, subject to the filing of a mechanic's lien during the public benefit corporation's "ownership"? Constrained by judicial precedent, we must answer in the negative.

The relevant facts are undisputed. Pyramid Champlain Company (hereinafter Pyramid) sought to develop a shopping center on real property it owned in the Town of Plattsburgh, Clinton County. To this end, Pyramid entered into an agreement with the County of Clinton Industrial Development Agency (hereinafter CCIDA), a public benefit corporation whose general purpose was to promote economic prosperity in Clinton County *(see,* General Municipal Law § 895-f). Under the agreement, Pyramid transferred title to the real property to CCIDA by deed recorded on December 30, 1986. At the same time, CCIDA executed a deed, transferring title back to Pyramid, which was placed in escrow during construction of the shopping center. CCIDA had agreed to convey the property back to Pyramid at, *inter alia,* "the request of [Pyramid]" but "subject to there being no Event of Default". The shopping center apparently opened in July 1987 and CCIDA conveyed title back to Pyramid when the deed held in escrow was recorded on August 4, 1987.

Various contractors supplied goods and services during con-

struction of the shopping center, including Plattsburgh Quarries, Inc., Yankee Electric Supply, Inc., Clinton Electric Supply Corporation and Aird Dorrance, Inc. (hereinafter collectively referred to as the lienors). While CCIDA still held legal title to the property, the lienors each filed mechanic's liens thereon for materials and services rendered during construction.* Bonds were posted, the liens were discharged, and the four cases involved herein were subsequently commenced to, *inter alia,* either foreclose a mechanic's lien or cancel record thereof. Pyramid subsequently moved for summary judgment in each case on the ground that, *inter alia,* real property owned by CCIDA as a public corporation was immune to the imposition of mechanic's liens and that those filed by the lienors were therefore void. Supreme Court denied the motions and these appeals followed.

We must reverse. Although, pursuant to Lien Law § 3, a mechanic's lien is the proper form of relief for unpaid improvements to privately owned land, "real property owned by a public corporation is immune to mechanic's liens" *(Albany County Indus. Dev. Agency v Gastinger Ries Walker Architects,* 144 AD2d 891, 892, *lv denied* 74 NY2d 605; *see,* Lien Law § 5; *Lincoln First Bank v Spaulding Bakeries,* 117 Misc 2d 892, 896-897). "[T]he filing of the notice is the act that creates the lien" (76 NY Jur 2d, Mechanics' Liens, § 50, at 447) and, in this instance, the liens at issue were all filed when CCIDA was the legal titleholder of the property. We cannot accept the lienors' arguments that Pyramid's equitable interest in the property is tantamount to private ownership and that CCIDA's "bare legal title" is insufficient to immunize the property from the imposition of their respective mechanic's liens. Strictly construing the liens' application here, we may not rely on such equitable principles to expand the statute's general scope and purpose *(see, Albany County Indus. Dev. Agency v Gastinger Ries Walker Architects, supra; Matter of Paerdegat Boat & Racquet Club v Zarrelli,* 83 AD2d 444, 449 [Hopkins, J. P., concurring in part and dissenting in part], *revd on concurring in part and dissenting in part opn below* 57 NY2d 966). "Once it is determined that the property is owned by a public agency, regardless of its use, a lien cannot be filed against the property" *(Burns Elec. Co. v Walton St. Assocs.,*

---

* Aird Dorrance also filed a public improvement lien against CCIDA. That lien, however, has apparently expired *(see,* Lien Law § 18), a conclusion not contested by Aird Dorrance.

136 AD2d 291, 294, *affd* 73 NY2d 738). We are aware that recognition of the nominal ownership involved here may stretch the limits of prior case law allowing private entities with equitable ownership to reap the benefits of immunity intended for genuine public improvements. As we have previously noted, however, any other application would border on judicial legislation and "[c]orrection of any perceived defect in the statute is the Legislature's province" *(Albany County Indus. Dev. Agency v Gastinger Ries Walker Architects, supra,* at 893). Accordingly, Pyramid was entitled to summary judgment dismissing all claims against it.

MAHONEY, P. J., CASEY and LEVINE, JJ., concur.

Orders reversed, on the law, without costs, motions granted, summary judgment awarded to Pyramid Champlain Company, and complaints and petition dismissed against said party.