■ F. GAROFALO ELECTRIC Co., INC., Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents.—Order, Supreme Court, New York County (Martin Evans, J.), entered on or about January 14, 1992 which, to the extent appealed from, denied plaintiff's motion to strike the fourth affirmative defense asserted by the defendants-respondents General Electric Company, National Broadcasting Company and RCP Associates and granted the defendants-respondents' cross-motion to the extent of discharging plaintiff's mechanic's lien, unanimously affirmed, with costs.

Plaintiff filed a mechanic's lien purporting to encumber the property located at 30 Rockefeller Plaza. The work performed and materials furnished, however, were furnished solely with respect to the individual condominium units owned by the New York City Industrial Development Authority, a public benefit corporation *(see,* General Municipal Law § 856 [2]; § 917) and subleased by respondent National Broadcasting Company. While the Legislature amended Lien Law § 2 (7) to afford relief to those who in the past could not perfect a lien against real property owned by a public entity, despite the existence of an interest therein held by a private party (L 1992, ch 662, § 1; *see, Matter of Paerdegat Boat & Racquet*

*Club v Zarrelli,* 57 NY2d 966, *revg* 83 AD2d 444), plaintiff is unable to take advantage of the amended statute, the labor and services at issue having been provided prior to its effective date *(see, Plattsburgh Quarries v Markoff,* 164 AD2d 30, 32-33, *lv denied* 77 NY2d 809). We find plaintiff's remaining argument to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.