OPINION OF THE COURT
Charles Edward Ramos, J.
Petitioner moves pursuant to Lien Law § 19 (6) to discharge, vacate and declare null and void certain mechanic’s liens filed by respondents.
*391 Petitioner developer obtained the ground lease to property at 102 North End Avenue in Manhattan from the Battery Park City Authority (the Authority) and engaged in major renovation of a building on the premises, subletting the rest. Respondents, contractors who worked, but were not paid for, construction projects on the leased land, each filed mechanic’s liens against the property and/or private leasehold interests therein between October 2000 and January 2001. Petitioner now seeks to vacate such liens on the ground that the property is owned by the state through the Authority, which is a public benefit corporation (Public Authorities Law § 1973 [1]). Two lienors have opposed petitioner’s motion.
Respondent Fred Geller Electrical, Inc. (Geller) argues that the ban on asserting liens against publicly owned property does not apply in this instance because Public Authorities Law § 1972 (8) specifically made property of the Authority susceptible to mechanics’ liens, and at any rate its lien is on petitioner’s leasehold interest rather than on the real property and is thus permitted by Lien Law § 2 (2) and (3). Alternatively, Geller argues that the Authority waived its right to maintain the property free of liens by consenting in the ground lease to petitioner’s transfer of its interest in the property to unknown parties — the very thing which the prohibition against encumbrances on public land sought to avoid.
5 Brothers, Inc. (Brothers), a prior lienor and a presumed John Doe in this case, argues that its lien cannot be dismissed because it was not named as a party in the suit even though petitioner was aware of Brothers’ lien. In reply, petitioner specifically requests that Brothers’ lien and liens of certain other contractors not named in the petition be vacated along with respondents’ liens.
The validity of liens such as respondents’ was recently addressed by another judge in this court, in connection with the 42nd Street redevelopment project. Geller, the only named respondent to oppose petitioner’s motion, has not persuaded this court to reach a different conclusion. The following reasoning by Justice York is thus adopted herein:
“[D]ecisional law firmly established that a mechanic’s lien cannot be asserted on the leasehold interest of the tenant of publicly owned land (TNT Coatings, Inc. v. County of Nassau, 114 AD2d 1027, 1028 [2d Dept 1985], lv den 67 NY2d 608 [1986]; Paerdegat Boat & Racquet Club, Inc. v. Zarelli, 57 NY2d 966 [1982]; Avon Electrical Supplies, Inc. v. *392 Voltaic Electric Company, Inc., 203 AD2d 404 [2d Dept 1994]; citations omitted). * * *
“[The 1992] amendment [to Lien Law § 2 (7)] does not improve [respondents’] claim [s]. The amended statute provides a remedy for those in [respondents’] situation only in the specific instance where legal title to the improved property is held by an industrial development agency. Although [the Authority] * * * is cast here in the same role as an industrial development agency pursuant to General Municipal Law Article 18-A, it is a public benefit corporation pursuant to §6251 of the Unconsolidated Laws. These two types of entities have similar purposes — indeed an industrial development agency is a public benefit corporation (Gen Mun L §856[2]) — but they are not interchangeable. Not all public benefit corporations are industrial development agencies, and in amending Lien Law §2(7), the Legislature explicitly used the term ‘industrial development agency.’ * * *
“The First Department noted that ‘the Legislature amended Lien Law §2(7) to afford relief to those who in the past could not perfect a lien against real property owned by a public entity, despite the existence of an interest therein held by a private party’ (F. Garofalo Electric Co., Inc. v. General Electric Company, [190 AD2d 569 (1st Dept 1993)]), but it did not explicitly hold that such relief was available when the public entity involved was a public benefit corporation rather than an industrial development agency. Absent such appellate precedent, the clear language of the amended statute must be applied. Where statutory language ‘is clear and free from ambiguity,’ it is ‘incumbent upon the courts to give effect to legislation as it is written, and not as they or others might think it should be written’ (People v. Woman’s Christian Association of Jamestown, Inc., 56 AD2d 101, 104 [3d Dept 1977]). That is especially true when, as is the case with the Lien Law, the remedy afforded by the statute is in derogation of the common law (Statutes §304; Rust v. Reyer, 91 NY2d 355, 360 [1998]). The court ‘may not rely on * * * equitable principles to expand the [Lien Law]’s general scope and purpose’ (Plattsburgh Quarries, Inc. v. Markoff, 164 AD2d 30 [3d Dept 1990], app den 77 NY2d 809 [1991]).” *393 (Jersey Elec. Supply Co. v MJR Elec. Contr. Corp., NYLJ, Nov. 29, 2000, at 28, col 2 [Sup Ct, NY County, York, J.] [emphasis added]; see also Interel Envtl. Tech. v United Jersey Bank, 894 F Supp 623, 632-633 [ED NY 1995]).
This analysis is consistent with the legislative background of the 1992 amendments to Lien Law § 2 (7), since a broader version of the amendment which would have applied to all public corporations rather than merely industrial development agencies was proposed in 1991 and vetoed by Governor Pataki (see Birdoff, Contractors, Others Beware: Pitfalls in Private Development of Publicly Owned Land, NYLJ, Mar. 26, 2001, at S1, col 4, and sources cited therein).
Geller’s argument that the Legislature specifically authorized mechanic’s liens against land owned by the Authority by including “liens [on the property] by way of judgments, mortgages or otherwise” in the definition of “real property” (Public Authorities Law § 1972 [8]) is not persuasive. First, there is no mention of “mechanic’s liens” anywhere in title 12 of the Public Authorities Law, which deals with the Authority in particular. Second, title 12 does contain two provisions authorizing specific liens (§ 1974-c, on assignment of excess revenue, and § 1976 [5], on pledged earnings for bonds issued by the Authority). Clearly, if the Legislature had indeed intended to allow for the assertion of mechanic’s liens against the Authority’s real property or private leaseholds thereon, it would have done so as explicitly as it did with respect to these two liens. “In an era in which the courts have become creators as well as arbiters, and innovation is crowding interpretation, some modicum of judicial restraint may still be called for before a court cloaks itself with the power to revise or rewrite existing statutory law” (Kaplan v Supak & Sons Mfg. Co., 46 Misc 2d 574, 578 [Civ Ct, NY County 1965, Greenfield, J.]; see also Plattsburgh Quarries v Markoff, supra, 164 AD2d at 32-33, citing Albany County Indus. Dev. Agency v Gastinger Ries Walker Architects, 144 AD2d 891 [3d Dept 1988], appeal dismissed 73 NY2d 1010 [1989], lv denied 74 NY2d 605 [1989]). Neither is Geller’s waiver argument of any avail, since the ability to make such a waiver was not given to the Authority by the Legislature (see Public Authorities Law § 1974).
Brothers’ arguments merely defer the inevitable, since the instant holding will be law of the case when petitioner amends the caption to delete the John Doe respondents and substitutes the identified nonparty lienors.
*394 Accordingly, petitioner’s application is granted to the extent that the mechanic’s liens filed by the named respondent are hereby vacated and declared null and void pursuant to Lien Law § 19 (6).