OPINION OF THE COURT
Robert J. Muller, J.
Petitioner Richard Shiel is the owner of two separate and noncontiguous parcels of land located along Griffin Road in the *1022 Town of Lake Luzerne, Warren County (hereinafter the Town). These parcels are depicted in a tax map attached as exhibit A to the petition and, for purposes of this decision, the parcel bearing tax No. 261-2-4 will be identified as the “northern parcel” and the parcel bearing tax No. 274-1-33 will be identified as the “southern parcel.” Griffin Road is a private road and, for petitioner to access Old Stage Road — the nearest town road— from the northern parcel, he must proceed through certain lands belonging to nonparties, including Joseph and Vilona Mastbeth, then through the southern parcel and, finally, through additional lands belonging to nonparties. While some landowners have consented to petitioner crossing their land, the Mastbeths have not and this dispute has prompted the commencement of a separate action in which petitioner claims, inter alia, that he is entitled to a prescriptive easement over the Mastbeths’ property.
Initially, respondent notes that the Highway Law article XI application under consideration herein is the third such application that petitioner has made. Petitioner’s first application was denied by correspondence dated April 6, 2009 wherein counsel to the Town advised that “if [petitioner] wishfed] to proceed [then] he must join and name all owners of the property existing between his property and the public road” (Apr. 6, 2009 correspondence, attached as exhibit A to respondent’s mem of law). Petitioner then made a second application in September 2011, which application was also denied as a result of petitioner’s failure to name all necessary parties.
On January 14, 2013, subsequent to the commencement of that separate action, petitioner filed a third application pursuant to Highway Law article XI with respondent Ron Deuel, Town Highway Superintendent, seeking to have Griffin Road opened so as to allow him access to Old Stage Road. The Town then responded on January 25, 2013, advising that the application would not be considered because petitioner failed to place certain necessary parties on notice, namely Robert and Susan Baker and Upper Hudson Woodlands ATF, LI] whose land must also be crossed by petitioner. Counsel to petitioner relative to the January 14, 2013 application then provided proof that these parties were in fact given notice. Afterwards, on March 1, 2013, respondent advised that it would proceed with review of the application if petitioner “submitted] to the Town the costs . . . incurred to date in the process[ing of the application], as well as additional payment into a Town-administered escrow account for expenses the Town anticipates will be necessary to complete *1023 the application process” (Mar. 1, 2013 correspondence, attached as exhibit H to the petition at 1). Respondent further provided petitioner with an itemized bill indicating that $2,090 in attorney’s fees had been incurred to date and an estimated $3,000 would be incurred in the future, thus yielding a total of $5,090 due if petitioner wanted to proceed. Petitioner declined to pay the requested amount, instead commencing this CPLR article 78 proceeding by order to show cause seeking a writ of mandamus to compel respondent to proceed with review of the application (see CPLR 7801). Petitioner contends that payment of the Town’s fees is not a condition precedent to processing of the application.
NY Constitution, article I, § 7 (c) provides:
“Private roads may be opened in the manner to be prescribed by law; but in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof shall be first determined by a jury of freeholders, and such amount, together with the expenses of the proceedings, shall be paid by the person to be benefited.”
To implement this provision of the Constitution, the legislature enacted Highway Law article XI,[1] which provides as follows:
“An application for a private road shall be made in writing to the town superintendent of the town in which it is to be located, specifying its width and location, courses and distances, and the names of the owners and occupants of the land through which it is proposed to be laid out” (Highway Law § 300).
The town superintendent shall then “appoint as early a day as the convenience of the parties interested will allow, when, at a place designated in the town, a jury will be selected for the purpose of determining upon the necessity of such road, and to assess the damages by reason of the opening thereof’ (Highway Law § 301). On the day designated, the town superintendent shall select a pool of 36 jurors “in the presence of a justice of the peace of [the] town” and direct said jurors to appear “on a day to which the proceeding shall ... be adjourned . . . , not more than [14] days from the day on which [the] jurors are drawn” (Highway Law § 304). Highway Law article XI then provides as follows:
“At the time and place to which the proceeding has *1024 been adjourned, . . . the town superintendent, and the justice of the peace so designated by him, shall attend, and a jury of twelve shall ... be openly drawn and chosen by the justice of the peace, in the same manner as juries are drawn in justices’ courts, except that each party may peremptorily challenge not more than six of the persons drawn as such jurors. The parties may elect to try the issue by a less number than twelve jurors, at any time before a witness is sworn. The persons so selected, as herein provided, shall constitute the jury and shall be sworn by the justice of the peace well and truly to determine as to the necessity of the road, and to assess the damages by reason of the opening thereof. The duties of the justice of the peace in connection with such proceeding shall end after the jury is sworn. The justice of the peace so designated by the town superintendent and the constable executing such venire, shall each be entitled to the same fees as may at any time be provided by law for the performance of similar duties in justices’ courts, to be paid by the applicant” (Highway Law § 306).
Once sworn,
“[t]he jury shall view the premises, hear the allegations of the parties, and such witnesses as they may produce, and if they shall determine that the proposed road is necessary, they shall assess the damages to the person or persons through whose land it is to pass, and deliver their verdict in writing to the town superintendent” (Highway Law § 307).
The applicant is responsible for paying any damages assessed and must do so “before the road is opened or used” (Highway Law § 310). The applicant must also pay “[e]very juror ... for his services one dollar and fifty cents” (Highway Law § 311).
Respondent first contends that, because NY Constitution, article I, § 7 (c) provides that “in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof . . . shall be paid by the person to be benefited,” it is authorized to require petitioner to pay the costs incurred to date as a condition precedent of processing his third application.[2] Respondent also relies upon those portions of Highway Law article XI requiring the applicant to pay the “justice of the *1025 peace so designated by the town superintendent and the constable executing [the] venire” (Highway Law § 306), as well as the jurors (Highway Law § 311) and the landowners to whom damages were awarded (Highway Law § 310).
This contention is wholly without merit. While NY Constitution, article I, § 7 (c) requires an applicant seeking to open a private road to pay “the amount of all damage to be sustained by the opening thereof,” there is nothing to suggest that any payment must be made as a condition precedent to consideration of the application. Similarly, while Highway Law article XI requires the applicant to pay the justice of the peace, the constable executing the venire, the jurors and the landowners to whom damages are awarded (see Highway Law §§ 306, 310, 311), there is again no indication that any payment must be made as a condition precedent to consideration of the application.
Neither article I of the NY Constitution nor Highway Law article XI require the applicant to pay the expenses of the Town as a condition precedent to processing of the application. Rather, this statutory scheme merely requires the applicant to pay — at the conclusion of the proceeding — the “justice of the peace so designated by the town superintendent and the constable executing [the] venire” (Highway Law § 306), as well as the jurors (Highway Law § 311) and the landowners to whom damages were awarded (Highway Law § 310). It is well established precedent that where “a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665 [1988] [internal quotation marks and citations omitted]; accord Matter of Collins v Dukes Plumbing & Sewer Serv., Inc., 75 AD3d 697, 699-700 [2010]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
Respondent next contends that the court should infer such a condition precedent in view of the substantial resources expended by the Town — and its taxpayers — on petitioner’s earlier applications. This contention is also without merit. While respondent’s frustration is understandable, the Town is nonetheless asking the court to reach a conclusion that “would border on judicial legislation” (Plattsburgh Quarries v Markoff, 164 AD2d 30, 33 [1990], lv denied 77 NY2d 809 [1991]; see City of Troy v Capital Dist. Sports, 305 AD2d 715, 716 [2003]). Indeed, *1026 it is by now well established that the “ ‘[correction of any perceived defect in [a] statute is the Legislature’s province’ ” (Plattsburgh Quarries v Markoff, 164 AD2d at 33, quoting Albany County Indus. Dev. Agency v Gastinger Ries Walker Architects, 144 AD2d 891, 893 [1988], appeal dismissed 73 NY2d 1010 [1989], lv denied 74 NY2d 605 [1989]).
Petitioner is entitled to a writ of mandamus compelling respondent to proceed with consideration of the application notwithstanding his failure to pay the requested $5,090.
Based upon the foregoing it is ordered that petitioner’s application be and the same hereby is in all respects granted; and it is further ordered that any relief not specifically addressed has nonetheless been considered and is hereby expressly denied.

. It should be noted that Highway Law article XI is an antiquated statutory scheme that has not been revisited since its initial enactment in 1936.

. It should be noted that the Town does not appear to be seeking costs relative to the 2009 application.